Fred BECKHAM, Appellant,

v.

STATE of Indiana, Appellee.

No. 48S00–8704–CR–446.

Supreme Court of Indiana.

Dec. 9, 1988.

William D. McCarty, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was convicted in a trial by jury of three counts of child molesting. He received a fifteen year sentence, with 5 years suspended, for Count I, and a 10 year sentence for Count II. Both Counts I and II alleged deviate sexual conduct on a child under twelve, a class B felony pursuant to I.C. 35–42–4–3(a). He was sentenced to five years on Count III, for fondling with intent to arouse, a class C felony pursuant to I.C. 35–42–4–3(b). All sentences were ordered to run concurrently.

Three issues are raised for our consideration: (1) whether the evidence was sufficient to support the verdict; (2) whether the trial court erred in not requiring the prosecutor to produce police reports; and (3) whether the trial court erred in preventing appellant from presenting evidence concerning acts of molestation committed against the victim by another person.

The evidence considered in the light most favorable to the State of Indiana is as follows: Appellant lived in an apartment in the same building as the 7 year old male victim, D.G., and often babysat for him. D.G. testified that on several occasions appellant played with his penis. He also testified that appellant had performed fellatio on him and vice versa. Another incident between the two involved D.G. placing pins under the skin of appellant's buttocks and spanking appellant with a stripper, a stick used to start toy vehicles, both at appellant's request.

## I.

Appellant challenges the sufficiency of the evidence supporting the convictions, alleging D.G.'s testimony was of such incredible dubiosity as to be unworthy of belief. In addition to many inconsistencies in D.G.'s testimony, appellant points out that D.G.'s story was totally uncorroborated, that appellant had led a previously exemplary life, and the fact D.G. delayed more than a year from the first incident in reporting appellant's conduct.

Appellant acknowledges that the uncorroborated testimony of a child victim may be sufficient to sustain a conviction, but points to a "mass of inconsistencies so great as to render the child's testimony devoid of probative value."

In reviewing sufficiency claims, we will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only those facts and circumstances which support the verdict and any reasonable inferences to be drawn therefrom. *Bowen v. State* (1985), Ind., 478 N.E.2d 44.

D.G.'s testimony, while inconsistent at times, was not incredible and therefore the determination of whether or not it was to be believed was for the jury, and we will not disturb that determination. The fact that D.G.'s story varied on details and reflected a child's point of view on matters does not render it insufficient to support the determination of guilt.

## II.

Appellant presents as error the trial court's refusal to require the prosecutor to produce police reports for inspection. Officer Minnick acknowledged that he had to refer to his report prior to testifying in order to refresh his recollection.

The majority of this court has held that, in general, police reports are not discoverable and are considered protected as "work product" of the prosecutor. *State ex rel. Keaton v. Circuit Court of Rush County*

(1985), Ind., 475 N.E.2d 1146. However, if the reports are used by the witness on the stand, the "work product" privilege is waived. *Summerlin v. State* (1971), 256 Ind. 652, 271 N.E.2d 411. Appellant urges that this rule requiring disclosure if the materials are used on the witness stand should be extended to use of the materials prior to testifying. He urges the distinction is not rational or logical. While it is true that the distinction between reviewing a document while on the stand, or reviewing it five minutes earlier, appears minimal, the purpose behind the rule supports the distinction.

■ The rule followed in Indiana is that privileged documents are only discoverable if used to refresh recollection while testifying. To permit discovery of documents simply because they were used in preparation for trial would make the "work product" privilege non-existent. Further, there is a great distinction between being on the witness stand, being asked a question, and referring to a document in hand for the answer, and reading a document prior to testifying, when the nature of the upcoming examination is unknown. Reference to the document on the stand provides the answer to the individual question. When that question is asked and the witness does not have the document in hand, the answer given is the product of the witness's memory, and may be effectively cross-examined. The refusal of the trial judge to order disclosure of the police report was not error.

### III.

■ When D.G. was three, he reportedly told his mother he was molested by the brother of a babysitter. Appellant offered to prove this fact and the similarity between the physical acts in the two instances. The State objected, asserting the rape shield statute, I.C. 35-37-4-4, was applicable, and the trial court refused to permit the testimony concerning the past sexual encounter. The judge acted correctly. It was proper to exclude the evidence of a prior molestation committed by a different person. *Parrish v. State* (1987), Ind., 515 N.E.2d 516.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.