**Jerry L. JONES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S02–9204–CR–235.

Supreme Court of Indiana.

April 7, 1992.

John M. Schwartz, Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

After a bench trial, Jerry L. Jones was convicted of rape, a class B felony. Ind. Code § 35–42–4–1 (West Supp.1991). He was sentenced to twenty years in prison. The Court of Appeals affirmed his conviction in a memorandum decision. *Jones v. State*, 581 N.E.2d 471 (Ind.App.1991) (Barteau, J., dissenting). We grant transfer.

Jones contends that there was insufficient evidence to support his rape conviction. Specifically, he argues there was insufficient evidence to prove he compelled C.L. to have sexual intercourse by force or imminent threat of force.

When reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. We affirm the conviction if, looking to the evidence and reasonable inferences therefrom which support the verdict, there is substantial evidence of probative value to support the conclusion reached by the trier of fact. *Id.*

The evidence most favorable to the verdict follows. The victim, twenty-six year old C.L., lived in the same home with Jones, Jones' wife and child, and C.L.'s foster mother. One night in July 1989 when Jones had been drinking, he came into C.L.'s bedroom and asked her to have sex with him. She said no, and asked him why he did not have intercourse with his wife. He again asked her to have intercourse, and again she refused because it would not be fair to his wife and child. He asked her a third time and C.L. testified she "just let him have it, you know." She was laying on her side, and he turned her over and had sexual intercourse with her. She testified he told her not to tell anyone, particularly not to tell his wife. She said she did not give him permission to have sexual intercourse with her. She did not yell out or cry for help because she was afraid. She testified on cross-examination that she was afraid of Jones, his wife and her own foster mother. She stated it was difficult to tell her foster mother. She testified Jones did not have a weapon, and she did not think to hit him.

Jones was charged with rape pursuant to Indiana Code § 35–42–4–1(1) which states, "A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when the other person is compelled by force or imminent threat of force commits rape, a Class B felony." [1] The force necessary to sustain a

---

**1.** Although there were statements at trial to the effect that C.L. was somewhat mentally deficient, the State did not charge Jones under that portion of the rape statute which prohibits sexu-

al intercourse with a member of the opposite sex when the other person is so mentally disabled or deficient that consent to sexual inter-

rape conviction need not be physical; it may be constructive or implied from the circumstances. *Smith v. State* (1986), Ind., 500 N.E.2d 190. "Force or threat of force may be shown even without evidence of the attacker's oral statement of intent or willingness to use a weapon and cause injury, if from the circumstances it is reasonable to infer the attacker was willing to do so." *Lewis v. State* (1982), Ind., 440 N.E.2d 1125, 1127, *cert. denied*, 461 U.S. 915, 103 S.Ct. 1895, 77 L.Ed.2d 284 (1983).

We conclude that the evidence recited above does not constitute substantial evidence of probative value showing that Jones had sexual intercourse with C.L. by *force or imminent threat of force.* There was no evidence that Jones used any force or threats to encourage C.L. to engage in sexual intercourse. He asked her three times, and on the third time she "just let him have it." There was no evidence of any previous threats or force against C.L. from which the trier of fact could infer a fear of force or threats on this occasion. The circumstances do not lead to an inference of constructive or implied force. C.L. stated she was afraid to yell for help, but there was no evidence she was afraid because Jones had forced her to do anything or threatened her. There are reasons a person might be afraid to attract attention other than fear of forced activity.

We have upheld rape convictions where the force or threat was conveyed through something other than menacing words. *See, e.g., Ives v. State* (1981), 275 Ind. 535, 418 N.E.2d 220 (sufficient evidence of force when rape victim told defendant to stop, he pinned her down, she cried and screamed and tried to prevent him from removing her clothing); *Jenkins v. State* (1978), 267 Ind. 543, 372 N.E.2d 166 (sufficient evidence of force when defendant broke into rape victim's home, demanded her money, and pushed her onto the bed); *Lewis*, 440 N.E.2d 1125 (sufficient evidence of force

when rape victim honked horn to attract attention and told defendant to stop; he pointed a pocketknife at her). In all of these cases, however, there was some evidence of force or threats, either actual or implied from the surrounding circumstances. In this case, there is no evidence that Jones forced or threatened force against C.L. to induce her to have sexual intercourse with him.[2] By her own testimony, C.L. "just let him have it" after he had made three requests for sexual intercourse.

Because there is insufficient evidence to prove force or imminent threat of force, we reverse Jones' rape conviction.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.

course cannot be given. Ind.Code § 35–42–4–1(3).

2. *Compare* Indiana Code § 35–42–5–1 (West 1986), the robbery statute, which prohibits a person from knowingly or intentionally taking property from another by using or threatening

the use of force *or by putting any person in fear.* The rape statute specifies that force or imminent threat of force is necessary; it does not state that putting a person in fear without force or threats is sufficient for a rape conviction.