**Jackie P. FOURTHMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 26A01–9506–CR–180.

Court of Appeals of Indiana.

Nov. 13, 1995.

Transfer Denied March 21, 1996.

Mark A. Foster, Evansville, for Appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jackie P. Fourthman appeals from his convictions for one count of Possession of Marijuana, as a Class D felony, and one count of Possession of Marijuana, as a Class A misdemeanor.[1] The trial court sentenced Fourthman to a 30–month term for his felony possession conviction to be served concurrent with a one-year term for his misdemeanor possession conviction.

We affirm.

### ISSUES

Fourthman presents several issues for our review which we consolidate and restate as follows:

1. Whether the trial court erred when it permitted one of the investigating police officers to remain at counsel table after Fourthman moved for a separation of witnesses pursuant to Indiana Evidence Rule 615.

---

1. Indiana Code § 35–48–4–11 includes as possession knowingly or intentionally possessing marijuana and knowingly or intentionally cultivating marijuana.

2. Whether the trial court erred when it sentenced Fourthman.

## FACTS

Conservation Officers Paul Axton and Dwayne Englert were informed that a marijuana patch was located off County Road 700 West in Gibson County, Indiana. The officers located the patch which was enclosed inside a fence and consisted of marijuana plants and a scarecrow. They set up a surveillance of the patch and on July 16, 1994, the officers observed Fourthman entering the patch with water jugs and saw him water the marijuana plants. After photographing Fourthman several times, Englert apprehended him. Fourthman alleged that he saw the marijuana plants and that although the plants did not belong to him, he decided to water them.

After Fourthman's arrest, the officers examined the marijuana patch and searched the surrounding area. They determined that some of the plants had been removed and others had been pruned. The officers then executed a search warrant for Fourthman's residence. During the search, the officers found two bags containing 17.17 grams of marijuana in a covered frying pan and several stolen weapons. In his statement to Deputy David Knowles, Fourthman denied that he owned the marijuana in the patch but admitted that he smoked marijuana and possessed the marijuana found in his trailer.

Fourthman was charged with cultivating more than 30 grams of marijuana and possession of less than 30 grams of marijuana. He was also charged with three counts of Receiving Stolen Property, all as Class D felonies. Fourthman moved to sever the receiving stolen property counts from the cultivating and possession counts, and the trial court granted his motion. Following a jury trial, Fourthman was convicted of cultivating and possession of marijuana.

## DISCUSSION AND DECISION

### Issue One: Indiana Evidence Rule 615

During trial, the court permitted Officer Englert to remain at the prosecution's table despite Fourthman's request for a separation of witnesses. Fourthman contends that pursuant to Indiana Evidence Rule 615, the trial court does not have the discretion to determine which witnesses are exempt from a separation of witnesses order and, thus, that the trial court erred when it permitted Officer Englert to remain in the courtroom. We disagree.

Prior to the adoption of Indiana Evidence Rule 615, when a motion for separation of witnesses was made, the ruling on the motion was left to the sound discretion of the trial court and each party had a right to have one person in the courtroom to assist counsel. *Bell v. State* (1993), Ind., 610 N.E.2d 229, 233. It was also the common law rule that a police officer may remain in the courtroom even though he may be called as a witness. *See Id.* These rules were replaced by Indiana Evidence Rule 615 which provides:

> At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of or discuss testimony with other witnesses, and it may make the order on its own motion. This rule does not authorize the exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

Fourthman correctly asserts that Indiana Evidence Rule 615 does not grant the trial court unbridled discretion to determine which witnesses shall be excluded from the courtroom. This court has recently stated that the adoption of Rule 615 "significantly changed the rule espoused in prior case law which held that the decision to grant a separation of witnesses order is wholly within the discretion of the trial court." *Smiley v. State* (1995), Ind.App., 649 N.E.2d 697, 699 n. 5 *trans. denied.* A trial court is now required to grant a party's request for a witness separation order except for certain witnesses identified by the rule as not being subject to exclusion. *Id.* Whether a witness fits in an exemption under Rule 615 is within the trial court's discretion, but once a witness has been included in an exemption, the court

has no discretion to exclude the witness. 13 R. MILLER, INDIANA PRACTICE § 615.103 at 284. Therefore, if a witness falls within one of the exemptions enumerated under Indiana Evidence Rule 615, that witness shall be allowed to remain in the courtroom.

■ In the present case, we must determine whether Officer Englert satisfies an exemption under Rule 615. Fourthman argues that Officer Englert does not fulfill the requirements of any exemption listed in this rule. We disagree and conclude that Officer Englert falls under the second exemption which provides that, "an officer or employee of a party that is not a natural person designated as its representative by its attorney" shall not be excluded from the courtroom. Ind.Evidence Rule 615.

Officer Englert is an officer employed by a State Agency, the Department of Natural Resources. Englert was one of the primary investigating officers in this case and was involved in the surveillance of the marijuana patch, the arrest and the search of Fourthman's home. The purpose served by a separation of witnesses at trial is to prevent the testimony of one witness from influencing the testimony of another witness. *Bell v. State* (1986), Ind., 495 N.E.2d 526, 527. However, the presence during trial of an officer who was involved in the investigation is often of critical importance in prosecuting the State's case. Thus, the second exemption under Rule 615 continues the long-standing Indiana tradition of permitting a police officer to remain in the courtroom at counsel's table even though the officer may also be called to testify as a witness. *See* 13 R. MILLER, § 615.103 at 282.

Our interpretation of the rule is consistent with that given to Indiana's counterpart, Federal Rule of Evidence 615.[2] When interpreting the recently adopted Indiana Evidence Rules this court looks to the Seventh Circuit for guidance. *See Pirnat v. State* (1993), Ind.App., 612 N.E.2d 153, 155. The Seventh Circuit, along with other federal circuit courts, has concluded that a police officer

who is in charge of an investigation, even though he is a witness, may be designated to sit at the government counsel's table. *See U.S. v. Crabtree* (7th Cir.1992), 979 F.2d 1261, 1270 (law enforcement officer assisting in prosecution of case fits within exemption provision of Rule 615, which does not authorize the exclusion of an officer of federal government designated as representative), *cert. denied* —— U.S. ——, 114 S.Ct. 216, 126 L.Ed.2d 173 (1993); *see accord U.S. v. Adamo* (7th Cir.1989), 882 F.2d 1218, 1235; *U.S. v. Payan* (5th Cir.1993), 992 F.2d 1387, 1394; *U.S. v. Pulley* (6th Cir.1991), 922 F.2d 1283, 1285, *cert. denied* 502 U.S. 815, 112 S.Ct. 67, 116 L.Ed.2d 42 (1991); *U.S. v. Parodi* (4th Cir.1983), 703 F.2d 768, 773.

We hold that an investigating officer may remain at the prosecution's table as its designated representative under the second exemption to Indiana Evidence Rule 615. The trial court has not erred.

### Issue Two: Sentencing

Next, Fourthman contends that the trial court improperly enhanced his sentence because the court relied upon improper aggravating factors and, thus, that the case should be remanded for resentencing. We disagree.

■ Sentencing is conducted within the discretion of the trial court, and the trial court's decision will be reversed only upon a showing of a manifest abuse of discretion. *Sims v. State* (1992), Ind., 585 N.E.2d 271, 272. The trial court is not required to state a basis for imposing the presumptive sentence for a conviction. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1093. However, when the court enhances a presumptive sentence, the record must disclose the factors considered to justify the imposition of an enhanced sentence. *Jones v. State* (1992), Ind., 600 N.E.2d 544, 548.

■ Here, the trial court found two aggravating factors. First, the court concluded that during Fourthman's first jury trial, which culminated in a mistrial, Fourthman's testimony lacked any credibility. Second,

---

**2.** Indiana Evidence Rule 615 is identical to Federal Rule of Evidence 615 except that the Indiana rule also provides for the separation of witnesses so that they cannot discuss testimony with other witnesses.

the court used Fourthman's pending criminal charge of receiving stolen property as an aggravating circumstance. A criminal charge which is pending at the time of sentencing may be considered as an aggravating circumstance. *Powell v. State* (1994), Ind., 644 N.E.2d 82, 84. Thus, without considering the first aggravating factor, the second aggravator was sufficient to enhance Fourthman's sentence. *See Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1374 (stating that only one aggravating factor is needed to support an enhanced sentence). This factor alone was sufficient to enhance Fourthman's sentence for cultivating marijuana.

■ Fourthman further argues that the trial court erred by improperly balancing the aggravating and mitigating circumstances. Again, we cannot agree.

In addition to the aggravating circumstances, the trial court found several mitigating factors including Fourthman's lack of a prior criminal record, remorse for possession of the marijuana and his poor health. The trial court properly balanced the aggravating and mitigating circumstances and concluded that the "aggravating circumstances jus-tif[ied] an increase in the standard or base penalty." Record at 461. Fourthman has not shown error on this issue, and the trial court properly enhanced his sentence on the cultivation conviction.

Affirmed.

BAKER, J. concurs.

SULLIVAN, J. concurs in result as to Issue One and, concurs as to Issue Two.