Brian K. **HEETER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9504–CR–120.

Court of Appeals of Indiana.

Feb. 27, 1996.

Robert S. Bechert, Deputy Public Defender, Fort Wayne, for appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

STATON, Judge.

A jury convicted Brian K. Heeter ("Heeter") of child molesting, a class B felony,[1] for which he was sentenced to ten years in jail. In his appeal, Heeter presents two issues for our review which we restate as follows:

I. Whether the trial court abused its discretion by allowing the testimony of a detective who remained in the courtroom despite an order for separation of witnesses.

II. Whether there was sufficient evidence to support the verdict.

We affirm.

The facts most favorable to the State reveal that in June 1993, the eight-year-old child victim and her siblings spent the night at the home of their babysitter. Heeter lived with the babysitter. The child victim fell asleep on the couch in the living room, while her siblings slept on a bed in the next room. The child woke up when she heard the door open and someone coming upstairs. The child saw Heeter standing in the doorway and feigned sleep. Heeter then approached the child, pulled the covers from the child and raised her nightgown. He moved the child's underwear then kissed her "private part," which she defined as the area "between your legs." Heeter then left the room. He returned shortly thereafter and asked her if she knew where the alarm clock was. The next morning, the child told the babysitter and her mother about the incident. Heeter was subsequently charged with child molesting.

At trial on November 21, 1994, the judge granted Heeter's motion for separation of witnesses. The State called Detective Susan Ulrich of the Fort Wayne Police Department as its last witness. Detective Ulrich was present in the courtroom during the testimony of the State's previous witnesses. She was not designated as the State's representative until after Heeter objected to her testimony. The trial court overruled the objection. This appeal ensued.

1. IND.CODE § 35–42–4–3 (1993).

## I.

*Separation of Witnesses*

■ Heeter argues that the trial court abused its discretion by failing to enforce its order for separation of witnesses. Where there is a violation of a separation of witnesses order, we will not disturb the trial court's exercise of discretion unless there is a showing of prejudice tantamount to an abuse of discretion. *Smiley v. State*, 649 N.E.2d 697, 699 (Ind.Ct.App.1995), *trans. denied.*

■ Although not raised by the parties, we begin our analysis by looking to the Indiana Rules of Evidence which became effective on January 1, 1994. The separation of witnesses is governed by Ind. Evidence Rule 615 which states:

At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of or discuss testimony with other witnesses, and it may make the order on its own motion. This rule does not authorize the exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

Evid.R. 615. Prior to the adoption of this rule, separation of witnesses was within the discretion of the trial court. *Wisehart v. State*, 484 N.E.2d 949, 956 (Ind.1985), *cert. denied*, 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556 (1986). Now, a trial court is required to grant a party's request for a witness separation order except as to certain necessary witnesses that are expressly identified in the rule. *See Smiley, supra,* at 699–700 n. 5. Thus, if a witness falls within one of the exemptions enumerated under Evid.R. 615, that witness shall be allowed to remain in the courtroom. *Fourthman v. State*, 658 N.E.2d 88, 91 (Ind.Ct.App.1995), *reh. denied.*

■ As a detective assisting in the prosecution of this case, Detective Ulrich clearly qualified for the second exemption from exclusion as provided in Evid.R. 615. *U.S. v.*

*Crabtree,* 979 F.2d 1261, 1270 (7th Cir.1992), *cert. denied* —— U.S. ——, 114 S.Ct. 216, 126 L.Ed.2d 173 (1993) (law enforcement officer assisting in prosecution of case fits within exemption provision of Rule 615); *Fourthman, supra,* at 91. This exemption continues the long-standing Indiana tradition of permitting a police officer to remain in the courtroom at counsel's table even though the officer may also be called to testify as a witness. *Fourthman, supra,* at 91. The better practice would have been for the State to designate Detective Ulrich as its representative prior to the presentation of evidence. However, because the detective would have reasonably fit within the exemption, we conclude the trial court did not err in allowing her testimony.

 Notwithstanding application of the new evidence rule, prior Indiana case law holds that when there is a violation of a witness separation order, a trial court has discretion to allow a witness to testify unless the defendant can show connivance or procurement on behalf of the State.[2] *Halbig v. State,* 525 N.E.2d 288 (Ind.1988). *See also Smiley, supra,* at 700 n. 5.

 Heeter fails to present any evidence of connivance or procurement on behalf of the State other than the mere statement that the detective was called to bolster the child victim's testimony. Appellant's Brief at 15 and 17. In her testimony, Detective Ulrich merely repeated information contained in a report made after interviewing the victim. She also testified that the child victim's testimony was consistent with the statements the child gave in the interview. There was no evidence that the prosecuting attorney connived to have Detective Ulrich violate the separation order, especially in light of the fact that under Evid.R. 615 the State had the right to have Detective Ulrich remain in the courtroom. *See Fourthman, supra.*

2. Because Evid.R. 615 does not address the remedy to be employed if a witness violates a separation order, the new rule has not altered prior Indiana case law. *Smiley, supra,* at 700 n. 5.

3. Heeter states, "The notion that, prior to retrieving and [sic] alarm clock and before bedding

Considering Evid.R. 615 and that no evidence was presented to show connivance on behalf of the State, we conclude that Heeter has not established any prejudice. Thus, the trial court did not abuse its discretion.

## II.

### *Sufficiency of the Evidence*

 Heeter also contends that there was insufficient evidence to support the verdict. Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State,* 589 N.E.2d 241, 242 (Ind.1992). We will not impinge on the jury's resolution of these credibility disputes unless confronted with testimony of inherent improbability, or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Stout v. State,* 612 N.E.2d 1076, 1080 (Ind.Ct.App. 1993), *trans. denied.* We will only overturn a conviction where a victim's testimony is so incredibly dubious or inherently improbable that it runs counter to human experience, and no reasonable person could believe it. *Id.* at 1080–81.

 First, Heeter contends that the victim's testimony was so incredibly dubious or inherently improbable that no reasonable person could say that guilt had been proven beyond a reasonable doubt. He argues that the sequence of events as recounted by the victim is inherently improbable.[3] He also cites minor inconsistencies in the victim's testimony as revealing the dubious nature of her story. Unfortunately, the events described by the child victim are not inherently improbable nor do they run counter to human experience. Moreover, the victim's testimony, while inconsistent at times, was not incredible. Therefore, the determination of whether or not the victim's testimony was to

with his girlfriend, Heeter would come into a room, kiss a nine (9) year old on her 'private part', without doing more or saying anything in that regard, represents the height [sic] of improbability." Appellant's Brief at 22.

be believed was for the jury. *Beckham v. State*, 531 N.E.2d 475, 476 (Ind.1988) (upholding conviction based solely upon the seven-year-old victim's uncorroborated testimony). As such, we will not disturb the jury's determination.[4]

Second, Heeter argues that there was insufficient evidence presented as to the deviate sexual conduct element of child molesting. Deviate sexual conduct is defined as "an act involving: (1) a sex organ of one person and the mouth or anus of another person...." IND.CODE § 35–41–1–9 (1993). Heeter claims there was no testimony nor any evidence from which the jury could infer beyond a reasonable doubt, that Heeter placed his mouth on the vagina of the victim. We disagree.

■ A conviction for child molesting may rest solely upon the uncorroborated testimony of the victim, despite the child's limited sexual vocabulary or unfamiliarity with anatomical terms. *Butcher v. State*, 627 N.E.2d 855, 862 (Ind.Ct.App.1994), *reh. denied.* The victim testified that Heeter moved her panties and kissed her "private part," and stated that her private area is the area that her underwear covers. Record, p. 99–100. She also testified that her private area is the area "between your legs." Record, p. 103. From this evidence, we believe it was reasonable for the jury to infer that Heeter placed his mouth on the vagina of the victim.

■ Finally, Heeter contends that there was insufficient evidence presented that he was the perpetrator of this offense. Again, we disagree. The victim testified that she saw Heeter standing in the room. She said she recognized him because his hair was back in a pony tail and she saw his hair. She also pointed to Heeter when asked to identify the person she was talking about. She stated she was sure that Heeter was the person in the room. Record, pp. 98–103. Furthermore, she testified that when Heeter spoke to her, she recognized his voice from previous conversations with him. Record, p. 112. Yet, Heeter claims that because she stated on cross-examination that she did not see his face clearly, the identification evidence is insufficient. Identification testimony need not necessarily be unequivocal to sustain a conviction. *Griffin v. State*, 583 N.E.2d 191, 194 (Ind.Ct.App.1991), *reh. denied.* As noted above, we will neither reweigh the evidence nor resolve questions of credibility. *Jones, supra.* Thus, we conclude that there was ample evidence from which the jury could determine that Heeter was the perpetrator.

Affirmed.

HOFFMAN, J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur in the majority opinion, except that in my view the primary reason for affirming the trial court's decision to permit Detective Ulrich to testify is simply that it was a matter of discretion and no abuse of discretion has been shown. *See, e.g., Ashbaugh v. State*, 272 Ind. 557, 400 N.E.2d 767 (1980). I agree, of course, that the officer was eligible for designation by the state, but the state failed to make the request.

---

4. To support his argument that the sequence of events is inherently improbable, Heeter cites: *Penn v. State*, 237 Ind. 374, 146 N.E.2d 240 (1957) (statutory rape conviction overturned because "three in a bed testimony" was so improbable and incredible); *Thomas v. State*, 238 Ind. 658, 154 N.E.2d 503 (1958) (conviction for indecent exposure overturned where evidence indicated that the defendant could not have been the perpetrator of the crime); and *Ritchie v. State*, 243 Ind. 614, 189 N.E.2d 575 (1963) (nine-year-old child not competent to give her conclusion of sexual intercourse without showing her understanding of details supporting such conclusion). However, the facts presented in these cases are clearly distinguishable from the facts in the present case. Therefore, we conclude Heeter's argument is without merit.