Michael R. STAFFORD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 52A05–9911–CR–520.

Court of Appeals of Indiana.

Oct. 12, 2000.

William E. Daily, Danville, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Michael R. Stafford appeals his convictions of criminal confinement, a Class B felony,[1] battery with a deadly weapon, a Class C felony,[2] and intimidation, a Class C felony.[3] He was also convicted of being an habitual offender. He raises six issues, which we consolidate and restate as:

1. Whether the trial court erred when it allowed two police officers to remain in the courtroom during testimony despite a separation of witnesses order;

2. Whether Stafford's convictions of battery and criminal confinement subjected him to double jeopardy because each conviction relied on the use of a rope as a deadly weapon;

3. Whether the trial court erred in giving its criminal confinement instruction;

4. Whether the evidence was sufficient to support Stafford's convictions; and

5. Whether the trial court erred in sentencing Stafford.[4]

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On April 22, 1999, Joanne Batdorf was walking to her house in Peru, Indiana,

---

1. Ind.Code § 35–42–3–3(1).

2. Ind.Code § 35–42–2–1(a)(3).

3. Ind.Code § 35–45–2–1(a)(1).

4. Because we vacate one of Stafford's convictions and remand for resentencing, we need not address Stafford's argument that the length of his consecutive sentences exceeded the limit imposed by statute. We note, however, that Ind.Code § 35–50–1–2(c) provides that for crimes which are not "crimes of violence," "the total of the consecutive term of imprisonment ... to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." As Stafford's convictions arose out of a single episode of criminal conduct and his crimes were not "crimes of violence" as described in the statute, the length of Stafford's consecutive sentences should not have exceeded thirty years, which is the presumptive sentence for a Class A felony. Stafford was sentenced to a total of thirty-six years on his three convictions.

after renting some movies. Stafford emerged from between two parked cars holding a rope. He put the rope around Batdorf's neck and dragged her to the trunk of his car. He then tried to shove Batdorf into his trunk, slamming the trunk lid on her arms and legs several times. When Batdorf's screams alerted nearby witnesses, Stafford dropped Batdorf, momentarily knocking her unconscious. He then drove away.

Witnesses described Stafford and the vehicle he was driving. A license plate search revealed Stafford's employer owned the vehicle, and Batdorf identified Stafford from a lineup.

## DISCUSSION AND DECISION

1. *Violation of Separation of Witnesses Order*

■ Stafford filed a motion for separation of witnesses. Prior to opening statements, the State asked that the investigating police officers be allowed to remain in the courtroom during the testimony. The trial court overruled Stafford's objection. Stafford argues that to allow more than one police officer in the courtroom violated Ind. Evidence Rule 615, which states:

> At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of or discuss testimony with other witnesses, and it may make the order on its own motion. This rule does not authorize the exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

As our supreme court noted in *Hernandez v. State,* 716 N.E.2d 948, 950 (Ind.1999), *reh'g denied,* the adoption of this rule of evidence changed prior case law, as it took decisions to grant these motions from the trial court's discretion and requires the

trial court to grant such motions unless one of the three listed exceptions applies. *See also Smiley v. State,* 649 N.E.2d 697, 699 n. 5 (Ind.Ct.App.1995).

There is a long-standing Indiana tradition of permitting a police officer to remain in the courtroom at counsel's table even though the officer may also be called as a witness. *Heeter v. State,* 661 N.E.2d 612, 615 (Ind.Ct.App.1996). This tradition is continued as the second exception in Evid. R. 615 by designating this person as the State's representative. *Id.*

■ An officer may also be allowed to remain in the courtroom pursuant to the third exception if the officer is designated as an "essential witness." To qualify as an essential witness, a witness must have "such specialized expertise or intimate knowledge of the facts of the case that a party's attorney could not effectively function without the presence and aid of the witness." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 615.04[3][b] (2d ed.1999) (discussing the showing required for exemption under the federal version of the rule). In *Hernandez,* our supreme court found that a prison guard was an essential witness when the State had demonstrated that only he "would be able to assist in the cross-examination of other inmates, who as defense witnesses would testify that Defendant's attack was in 'self-defense.' " 716 N.E.2d at 951.

Here, by contrast, the trial court erred in allowing two police representatives to remain in the courtroom despite a witness separation order and without any designation that the second officer's presence was required as an essential witness. The State asserts, without citation to authority, that more than one officer should be able to serve as the State's representative. It contends "the purpose of the rule would be frustrated by artificially limiting the number of party representatives." (Br. of Appellee at 7–8.) We disagree. The purpose of Rule 615 is to authorize the trial court

to exclude witnesses from the courtroom so that they cannot hear the testimony of other witnesses and to thereby prevent the witnesses from basing their testimony, consciously or unconsciously, on the testimony of other witnesses. *See* Weinstein, *supra,* § 615.02[1] (addressing the federal version of Evid. R. 615). The rule is not intended to offer a mechanism by which one party may defeat the other party's separation of witnesses order.

█ We believe Evid. R. 615 permits the designation of only one person as a representative of the State. The Rule provides that "an officer or employee of a party that is not a natural person designated as its representative" may not be excluded from the courtroom. This is in the singular—there is no indication that more than one officer, employee or representative is allowed when a separation of witnesses motion has been granted. *And see Heeter,* 661 N.E.2d at 615 (noting the "tradition of permitting *a police officer* to remain in the courtroom at counsel's table" (emphasis supplied)).

The language of the rule does not preclude, however, the designation of a second individual as an "essential" witness. In *Bell v. State,* 610 N.E.2d 229, 233 (Ind. 1993), a case tried prior to the effective date of the rule, the trial court granted the State's request that two witnesses remain in the courtroom during the trial. Our supreme court affirmed on the ground Bell was not prejudiced by the presence of the two witnesses, but suggested the trial court may properly allow one witness as a representative of the State (now the second exception to Rule 615) and another witness to assist counsel (now the third exception to Rule 615 for "essential" witnesses). It stated "each party has a right to have *one* person in the courtroom to assist counsel. *Further,* a police officer may remain in the courtroom even though he is also a witness." *Id.* (citation omitted) (emphasis supplied).

█ We thus hold that it is not error under Evid. R. 615 to permit one witness to remain in the courtroom under the second exception as a party's designated representative and to permit one witness to remain under the third exception when a party can show that witness is "essential to the presentation of the party's cause." In light of our supreme court's statements that the State may have *one* person in the courtroom to assist counsel and may "further" have *a police officer* in the courtroom even though the officer is a witness, we must decline to adopt the State's proffered interpretation of the rule, which interpretation would potentially permit every witness to remain in the courtroom throughout a trial despite a separation of witnesses order.

█ In the present case, there was no showing that the police officer who was not designated as the State's representative was an "essential" witness and that second officer thus should not have been permitted to remain in the courtroom. As a result, we are faced with the question whether Stafford was prejudiced by the trial court's error. He was not.

In *Hernandez,* 716 N.E.2d at 955, Justice Boehm discussed in his dissent the effect of a Rule 615 violation:

There are three standards in federal courts and courts of other states addressing errors in witness separation orders under rules identical or similar to our Rule 615. The majority of federal courts require the party objecting to the decision to show prejudice occurred as a result of the error. *See United States v. Sykes,* 977 F.2d 1242, 1245 (8th Cir. 1992); *United States v. Prichard,* 781 F.2d 179, 183 (10th Cir.1986); *Virgin Islands v. Edinborough,* 625 F.2d 472, 474 (3d Cir.1980); *United States v. Warren,* 578 F.2d 1058, 1076 (5th Cir.1978) (en banc), *modified on other grounds,* 612 F.2d 887 (5th Cir.1980). Other courts require the party supporting the erroneous decision to show that the error was harmless. In other words,

there is a presumption of prejudice that must be overcome before the erroneous decision may stand. *See United States v. Jackson*, 60 F.3d 128, 136–37 (2d Cir. 1995); *United States v. Brewer*, 947 F.2d 404, 411 (9th Cir.1991); *United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir.1991); *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir.1986); *State v. Roberts*, 126 Ariz. 92, 612 P.2d 1055, 1057 (1980). Finally, at least one court has suggested that a violation of Rule 615 should result in an automatic reversal. *See United States v. Burgess*, 691 F.2d 1146, 1157 (4th Cir.1982).

■ Justice Boehm opined that the correct approach to a violation of Rule 615 is to presume prejudice, which presumption can be overcome if the non-movant can show there was no prejudice. We agree.

Stafford was not prejudiced by the presence of the two officers. Officer Steve Hoover testified about his photographs of the crime scene and of Stafford at the police station. Stafford's photographs were later used in a lineup, which Officer Jeff Butts prepared. Officer Butts testified that Batdorf identified Stafford in the photo lineup. Officer Hoover testified that he checked the license plate number an eyewitness provided to him and that he subsequently identified Stafford as the driver of the vehicle bearing that plate.

The testimony of these two police officers was primarily background and foundational. The identification of Stafford as the assailant was made by Batdorf. Under these circumstances, although the trial court erred in allowing the second police officer to remain in the courtroom absent a finding that he was an essential witness, there was no prejudice to Stafford.

### 2. *Double Jeopardy*

■ Stafford's convictions of criminal confinement and battery with a deadly weapon violate the Indiana Constitution's prohibition of double jeopardy. Because the same actions involving the use of a rope as the deadly weapon established the elements of both crimes, we conclude the jury must have utilized the same facts to establish the essential "deadly weapon" element for each of the counts.

■ In *Richardson v. State*, 717 N.E.2d 32 (Ind.1999), our supreme court developed a test for determining whether a defendant has been subjected to double jeopardy. A double jeopardy violation occurs when "the State ... proceed[s] against a person twice for the same criminal transgression." *Id.* at 49. Under *Richardson*, "two or more offenses are the 'same offense' ... if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id.* (emphasis in original). When we examine the actual evidence presented at trial, we will reverse one of the convictions if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the elements of one offense may also have been used to establish the elements of a second challenged offense." *Id.* at 53.

■ There is a reasonable possibility that the State proceeded twice against Stafford for the same criminal transgression because the same conduct on Stafford's part—putting a rope around the victim's neck—served to establish the elements of both Class C felony battery and Class B felony criminal confinement.[5] To

---

5. Stafford also argues the intimidation conviction subjected him to double jeopardy as the same rope was the "deadly weapon" that supported the charge of intimidation as a Class C felony. To convict Stafford of intimidation as a Class C felony the State was obliged to prove Stafford committed the in-

timidation while drawing or using a deadly weapon. Ind.Code § 35–45–2–1(b)(2). Stafford was charged with committing intimidation by communicating a threat to Batdorf using the rope. The jury was instructed that to find Stafford guilty of intimidation the State must have proved Stafford communicat-

convict Stafford of criminal confinement as a Class B felony the State was obliged to prove the confinement was committed while Stafford was armed with a deadly weapon. Ind.Code § 35–42–3–3(2). To convict him of battery as a Class C felony the State was obliged to prove the battery was committed by means of a deadly weapon. Ind.Code § 35–42–2–1(a)(3).

Stafford was charged with committing battery by placing the rope around Batdorf's neck. He was charged with confining Batdorf "being armed with a deadly weapon, to wit: a rope," (R. at 11), and the only conduct amounting to "confinement" and involving the rope was placing the rope around Batdorf's neck.[6] Stafford was therefore subjected to double jeopardy because the elements of both offenses were satisfied by the placement of the rope around Batdorf's neck.

We accordingly vacate Stafford's conviction of battery as a Class C felony and remand to the trial court for further proceedings.

### 3. Instruction on Criminal Confinement

■■■ Stafford did not object to the court's instruction on criminal confinement, thus waiving this allegation of error. *Echols v. State*, 722 N.E.2d 805, 807 (Ind. 2000). He argues, however, that fundamental error was committed when this instruction was given.

■■■ A fundamental error is a substantial, blatant violation of basic principles of due process that renders the trial

unfair to the defendant. *Taylor v. State*, 717 N.E.2d 90, 93 (Ind.1999). This doctrine is very narrowly applied and is available only when the record reveals blatant violations of due process and when the harm or potential for harm cannot be denied. *Id.* In order to constitute fundamental error, a mistake must be so prejudicial to the rights of a defendant as to make a fair trial impossible. *Barany v. State*, 658 N.E.2d 60, 64 (Ind.1995). To justify reversal where an erroneous jury instruction was given, the error must be of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Hill v. State*, 615 N.E.2d 97, 99 (Ind.1993).

Here, the court's criminal confinement instruction stated:

> A person who knowingly confines another person without the other person's consent commits criminal confinement, a Class D felony. However the offense is a Class B felony if it is committed while armed with a deadly weapon.
> To convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:
> The Defendant, Michael Stafford
> (1) knowingly
> (2) confined Joanne Batdorf
> (3) and while committing it the Defendant was armed with a deadly weapon.

(R. at 136.) Stafford contends that fundamental error occurred because the jury was not specifically instructed that the State had to prove the confinement was without consent. We disagree.

The first part of the instruction explicitly provided that criminal confinement was

---

ed a threat to Batdorf and that while doing so he "drew a deadly weapon, to wit: a rope." (R. at 13.)

However, the double jeopardy protections are not implicated by the intimidation conviction because the evidence that supported the charge and conviction of intimidation, *i.e.*, threatening Batdorf while drawing a deadly weapon, was not the same evidence the supported the charges and convictions of confinement and battery, *i.e.*, placing the rope around her neck. As we noted in *Hart v. State*, 671 N.E.2d 420, 428 (Ind.Ct.App.1996),

double jeopardy is not violated by the elevation of multiple felony charges on the basis that the defendant was armed with a deadly weapon while committing separate and distinct crimes.

**6.** We note that had the State charged and proven at trial that the conduct supporting the confinement charge was the act of stuffing Batdorf into the trunk of the car, Stafford's double jeopardy protections would not have been implicated.

confinement "without the other person's consent." The jury was instructed to consider all the instructions as a whole, and not to single out any sentence or individual point. The jury was properly instructed that the victim must not consent to the confinement and the evidence at trial overwhelmingly established that Batdorf did not consent to her confinement by Stafford. Stafford has not shown that fundamental error was committed. *See Warren v. State,* 701 N.E.2d 902, 905 (Ind.Ct.App. 1998), *trans. denied,* 714 N.E.2d 165 (Ind. 1999) (no fundamental error when instruction contained words the jury could understand as including the disputed element of the crime and where the instruction did not preclude the defense from proving the element was not satisfied).

#### 4. *Sufficiency of the Evidence*

 Stafford argues that there was insufficient evidence he was the perpetrator of the offenses of which he was convicted. When reviewing a claim that the evidence was insufficient to support a criminal conviction, we consider only the evidence that supports the verdict and we draw all reasonable inferences from that evidence. We do not reweigh the evidence or judge the credibility of the witnesses, and we will uphold a conviction if the record supports it with substantial evidence of probative value from which the trier of fact could reasonably infer guilt beyond a reasonable doubt. *Bryant v. State,* 644 N.E.2d 859, 860 (Ind.1994).

Batdorf testified that Stafford was her assailant. Marie Fouts, a passerby, observed the type of car Stafford was driving and its license plate number. Laura Green, a passenger in Fouts' car, identified the vehicle Stafford drove as the car driven by the assailant. Stafford contends the evidence against him was insufficient because only three of the four eyewitnesses could identify him as the assailant. He disputes Batdorf's identification, arguing, among other things, that she failed to tell police officers that her assailant had a mustache, while Stafford had a very no-

ticeable, bushy mustache. However, the descriptions of the assailant by the eyewitnesses were not inconsistent with Stafford's appearance. Stafford is requesting that we reweigh the evidence and rejudge the credibility of the witnesses, which we will not do. *Burk v. State,* 716 N.E.2d 39, 43 (Ind.Ct.App.1999). The State presented sufficient evidence of Stafford's identity to support his convictions.

#### 5. *Habitual Offender Conviction*

Stafford argues, and the State agrees, that the separate thirty-year sentence he received for his habitual offender conviction is error. When a defendant is convicted of multiple offenses and found to be an habitual offender, the resulting habitual offender penalty enhancement must be imposed upon only one of the convictions, and the court must specify the conviction to be so enhanced. *McIntire v. State,* 717 N.E.2d 96, 102 (Ind.1999). The trial court failed to do so in this case, and therefore we instruct the trial court to properly impose on remand the habitual offender enhancement.

We affirm in part, reverse in part, and remand.

DARDEN, J., and BROOK, J., concur.