# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2017, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William D. Wyatt, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 18, 2017

Court of Appeals Case No.
84A01-1609-CR-2219

Appeal from the Vigo Superior Court

The Honorable David R. Bolk, Judge

Trial Court Cause No.
84D03-1512-F3-3032

**Robb, Judge.**

# Case Summary and Issue

Following a jury trial, William Wyatt, Jr. was convicted of aggravated battery, a Level 3 felony, and battery by means of a deadly weapon, a Level 5 felony. On appeal, Wyatt raises the sole issue of whether his two convictions violate the Double Jeopardy Clause of the Indiana Constitution. Concluding his convictions violate the prohibition against double jeopardy, we affirm in part, and reverse and remand in part.

# Facts and Procedural History

On December 5, 2015, Bradley Phillips was living at his friends' apartment in Terre Haute, Indiana. At approximately 9:00 p.m. that evening, Wyatt and his cousin, Devon Lakin, stopped by to visit Phillips. The pair visited for about an hour and then left the apartment.

Around 11:30 p.m., Wyatt and Lakin returned to Phillips' room. Phillips was sitting on his bed watching television. As they entered the room, Lakin shut the door and stood in front of it. Wyatt then asked Lakin "are you ready[?]" Transcript, Volume II at 30. Wyatt walked toward Phillips, punched him in the face, and began to talk about a girl named Ashley, who Phillips claimed he did not know. Wyatt then grabbed two knives lying on a table, approached Phillips, and punched him again. As Phillips attempted to flee, Wyatt stabbed him in his chest. The knife pierced Phillips' lung, causing it to collapse. Phillips then ran to a neighbor's house to seek help.

[4] The State charged Wyatt with Count 1, aggravated battery, a Level 3 felony; Count 2, battery by means of a deadly weapon, a Level 5 felony; and Count 3, battery resulting in serious bodily injury, a Level 5 felony. The State also sought an habitual offender enhancement. The jury found Wyatt guilty as charged and the trial court entered judgment of conviction on all counts. At sentencing, the trial court merged Count 3 into Count 1 and sentenced Wyatt to thirteen years in the Indiana Department of Correction on that count, enhanced by nine years based upon the jury's finding Wyatt is an habitual offender. The trial court sentenced Wyatt to four years on Count 2, to run concurrently with Count 1. Wyatt's aggregate sentence is twenty-two years. Wyatt now appeals.

# Discussion and Decision

[5] Wyatt argues his convictions for Count 1, aggravated battery, and Count 2, battery by means of a deadly weapon, violate the state constitutional prohibition against double jeopardy. Specifically, he contends Phillips' testimony, the State's charging information, and the prosecutor's closing arguments created a reasonable possibility the jury used the same evidentiary facts to convict him of each crime.

[6] Article 1, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense."

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one

challenged offense also establish the essential elements of another challenged offense.

*Cross v. State*, 15 N.E.3d 569, 571 (Ind. 2014) (alteration in original) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)). We review double jeopardy claims de novo. *Strong v. State*, 29 N.E.3d 760, 766 (Ind. Ct. App. 2015).

[7] Wyatt contends his convictions for aggravated battery and battery by means of a deadly weapon violate the actual evidence test.

> Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. To find a double jeopardy violation under this test, we must conclude that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013) (citations and internal quotation marks omitted). In determining whether there is a reasonable possibility the jury used the same evidentiary facts in convicting a defendant of two separate crimes, we require substantially more than a logical possibility. *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008). "We evaluate the evidence from the jury's perspective and may consider the charging information, jury instructions, and arguments of counsel." *Garrett*, 992 N.E.2d at 720.

[8] Here, the charging information for Counts 1 and 2 state,

### Count 1:

The undersigned, being duly sworn upon his/her oath, says that on or about December 6, 2015, in Vigo County, State of Indiana, William D. Wyatt, Jr. did knowingly or intentionally inflict injury on Bradley S. Phillips Jr. that created a substantial risk of death, in violation of I.C. 35-42-2-1.5.

**Count 2:**

The undersigned, being duly sworn upon his/her oath, says that on December 6, 2015, in Vigo County, State of Indiana, William D. Wyatt, Jr. did knowingly or intentionally touch Bradley S. Phillips Jr. in a rude, insolent, or angry manner, to-wit: stabbed Bradley S. Phillips Jr.; said touching being committed with a deadly weapon, to-wit: a knife, in violation of I.C. 35-42-2-1(b)(1) and I.C. 35-42-2-1(f)(2).

Appellant's Appendix, Volume 2 at 15.

[9] As to closing arguments, the State argued the same evidentiary fact, the stabbing of Phillips, in support of each count. The prosecutor stated,

Count One (1), [Wyatt] knowingly or intentionally, inflicted injury on Bradley Phillips, and that injury created a substantial risk of death. We know he's the one that stabbed him. . . . We know that he grabbed the knives, and he stabbed Bradley Phillips. Did that injury create a substantial risk of death? . . . Were they life threatening? Yes. . . . Count Two (2), [Wyatt] knowingly or intentionally touched Bradley Phillips in a rude, insolent, or angry manner, and the offense was committed with a deadly weapon. He stabbed him with a knife folks. Can't, can't get any easier than that for you guys.

Tr., Vol. II at 192-93.

[10]    We agree with Wyatt his convictions are in violation of double jeopardy principles.  Wyatt's single act of stabbing Phillips is an essential element of both aggravated battery and battery by means of a deadly weapon.  The only battery that created a "substantial risk of death" was Wyatt's act of stabbing Phillips.  Ind. Code § 35-42-2-1.5.[1]  This same act is also an essential element of battery by means of a deadly weapon, and the prosecutor argued that same act supported both counts.  Therefore, in light of the evidence presented to the jury, the charging information, and the prosecutor's closing argument, we conclude there is a "reasonable possibility" the jury used the same fact to establish the essential elements of both aggravated battery and battery by means of a deadly weapon.  *See Stafford v. State*, 736 N.E.2d 326, 331-32 (Ind. Ct. App. 2000) (finding a double jeopardy violation because evidence of putting a rope around the victim's neck constituted the basis for both charges, namely battery with a deadly weapon and criminal confinement "being armed with a deadly weapon, to wit: a rope"), *trans. denied*.

[11]    A reviewing court may remedy a double jeopardy violation "by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation.  If it will not, one of the convictions must be vacated." *Richardson*, 717 N.E.2d at 54 (citation omitted).  Both the State and Wyatt agree his conviction for battery by means of deadly weapon should be vacated.  *See*

---

[1] Although there was other evidence presented that Wyatt also punched Phillips in the face at least twice, the State did not present evidence this battery caused a serious risk of death.

Brief of Appellee at 10. Therefore, to remedy the double jeopardy violation, we reverse Wyatt's conviction for battery by means of deadly weapon.

# Conclusion

Wyatt's convictions for aggravated battery and battery by means of a deadly weapon violate the state constitutional prohibition against double jeopardy. Accordingly, we reverse Wyatt's conviction for battery by means of a deadly weapon and remand to the trial court with instructions to vacate that conviction.

Affirmed in part, reversed and remanded in part.

Vaidik, C.J., and Bailey, J., concur.