# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2019, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

K.C.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

September 9, 2019

Court of Appeals Case No.
19A-JV-341

Appeal from the Marion Superior Court

The Honorable Mark Jones, Judge

The Honorable Gary Chavers, Magistrate

Trial Court Cause No.
49D15-1811-JD-1292

**Robb, Judge.**

# Case Summary and Issue

[1] K.C. was adjudicated a delinquent for committing burglary, a Level 4 felony if committed by an adult. K.C. appeals his adjudication, raising one issue for our review: whether the State's evidence is sufficient to prove his identity as the perpetrator of the crime beyond a reasonable doubt. Concluding K.C.'s identity was proved by sufficient evidence, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the juvenile court's judgment are that Lori Radford and her children, including fifteen-year-old L.S. and sixteen-year-old D.S., returned to their home in Indianapolis around noon on August 24, 2018, after having been gone for several hours. L.S. and D.S. went to the backyard and saw two people inside the house: K.C., whom L.S. has known since kindergarten, and another man, later identified as Brendan Bodie, whom L.S. and D.S. had met before through K.C. Bodie was holding a television. K.C. and Bodie started to run when D.S. yelled, "Hey!" Transcript of Evidence, Volume II at 24.

[3] As Radford was getting her baby out of the car, L.S. came running back to the front of the house yelling, "Mom there's someone robbing us. Somebody's in the house." *Id.* at 7. Radford called 911. As she stood facing the front of her house so she could describe to the 911 operator what was happening, she saw "[K.C.] come out [a] side window" and another man run out the front door. *Id.*

at 8. L.S. and D.S., who had also returned to the front of the house, also saw K.C. climbing out a window on the side of their house. *See id.* at 17, 24. Both men ran toward Radford in order to get to a car parked in the cul-de-sac. As K.C. ran past Radford, she said, "Oh my God, twin, really? You gonna break in my house?" *Id.* at 8. K.C. was able to get into the waiting car despite L.S. and D.S.'s efforts to stop him. Bodie was not so lucky, as the car drove away before he could get to it, and L.S. and D.S. fought with him until police arrived.

[4] Once officers arrived and Radford was able to hang up with 911, she called K.C.'s mother to let her know what was going on. L.S., D.S., and K.C. "used to be cool . . . used to hang out all the time." *Id.* at 25. K.C. had visited the Radford home as recently as four or five days before this incident, but he had not been invited or given permission to be in the house on this day. K.C. has a twin brother, K'S.C., who "look[s] like him[.]" *Id.* at 19. K'S.C. was on house arrest on August 24, 2018.

[5] When Radford was allowed back into her house, she noticed that bedroom doors and at least one window that had been closed when she left home that morning were now open, a television had been unplugged and moved from the fireplace to the floor by the patio door, and "everything was just a mess." *Id.* at 20. Radford later discovered that an old cell phone was missing.

[6] The State filed a delinquency petition alleging K.C. had committed an act that would constitute burglary, a Level 4 felony if committed by an adult. A fact-finding hearing was held on December 3, 2018, at which time Radford, L.S.,

and D.S. all testified that K.C. was the person they had seen climbing out a window of their house on the day in question and identified him in court as the perpetrator. K.C. denied he was involved in the burglary. The juvenile court entered a true finding, and K.C. now appeals.

# Discussion and Decision

## I. Standard of Review

[7] When reviewing claims of insufficient evidence in a juvenile adjudication, we apply the same sufficiency standard as in other criminal cases. *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013). We consider only the probative evidence and reasonable inferences supporting the juvenile court's judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility and will affirm the adjudication unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Evidence is sufficient if an inference may be reasonably drawn from it to support the judgment. *Id.* at 147.

## II. Evidence of Identity

[8] K.C. concedes the Radfords' home was burglarized on August 24, 2018, and he further concedes the evidence establishes either he or his twin brother was involved. *See* Brief of Appellant at 11, 15. At the fact-finding hearing, K.C. denied he had anything to do with the burglary. *See* Tr., Vol. II at 31. K.C.

argues there is insufficient evidence to support the true finding because the State failed to prove he, rather than his identical twin, committed the act in question.

[9] First, K.C. points to instances during the fact-finding hearing when K'S.C.'s name was used, instances K.C. alleges show Radford, L.S., D.S., and even the State may have confused the twins. For instance, when questioning L.S. about the incident, the prosecutor asked, "[D]o you remember what [K'S.C.] was wearing?" Tr., Vol. II at 19. However, it is clear from context and from the ensuing questions that K.C. was the intended reference. *See id.* (State asking, "[H]ow do you know it was [K.C.] and not his brother?"). Even K.C. acknowledges that he and his brother "have names which are very similar and sound alike." Br. of Appellant at 12. K.C. also points out that when Radford was asked if she remembered giving police K'S.C.'s name during the investigation, Radford testified that she told the police that K.C.'s mother told her "to be sure that I said it's [K.C.], because [K'S.C.'s] on house arrest already in enough trouble." Tr., Vol. II at 13.[1] K.C. posits this request "may have prompted Radford to select K.C. over K'S.C. Radford's decision in turn, may have prompted L.S. and D.S. to identify K.C. rather than K'S.C." Br. of

---

[1] In its brief, the State characterizes this conversation as follows: "K.C.'s mother asked which son Radford saw, because she knew that her other son, K.S.C., was at home on house arrest. Radford confirmed that it was K.C." Brief of Appellee at 6. Although this testimony was not crucial to our decision, K.C.'s point in his reply brief that the State mis-characterized this conversation to make it seem as though K.C.'s mother confirmed K'S.C. was in fact at home at the time of the incident is well-taken.

Appellant at 14. However, Radford, L.S., and D.S. were all unequivocal in identifying K.C. during the fact-finding hearing as the person they saw that day.

[10] Second, K.C. identifies evidence the State could have introduced that would have "more definitively" established his identity, such as fingerprints from the window frame. *Id.* But consideration of other evidence the State could have offered is not relevant to our review of whether the evidence the State did offer was sufficient. And we conclude that it was.

[11] Identification testimony need not necessarily be unequivocal to sustain a conviction. *Heeter v. State*, 661 N.E.2d 612, 616 (Ind. Ct. App. 1996). Identity of the perpetrator may be established entirely by circumstantial evidence and logical inferences therefrom. *Bustamante v. State*, 557 N.E.2d 1313, 1317 (Ind. 1990). Evidence need not overcome every reasonable hypothesis of innocence to be sufficient to support a conviction. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). Radford, L.S., and D.S. all positively identified K.C. as the person they saw exiting their home through a window. L.S. and D.S. were with K.C. just a few days before the burglary, and each testified they were close enough to the perpetrator to see his face during this incident. *See* Tr., Vol. II at 19, 25. We agree with the State that this is ample evidence from which the juvenile court could have inferred beyond a reasonable doubt that K.C. committed the charged act.

[12] K.C.'s arguments on appeal are merely requests for this court to disregard the evidence most favorable to the verdict and instead reweigh the evidence in his

favor. This we cannot do. *See Drane*, 867 N.E.2d at 146. The fact-finder is the sole judge of the credibility of the witnesses and the weight to be given to the evidence. *Id.* at 146-47. The State presented sufficient evidence that K.C. was one of the men who broke into and entered the Radfords' house with the intent to commit theft, and we affirm his adjudication as a delinquent for committing an act that would have been burglary if committed by an adult.

# Conclusion

[13] Sufficient evidence supported the juvenile court's finding that K.C. committed the charged act. Accordingly, the judgment of the juvenile court is affirmed.

[14] Affirmed.

Mathias, J., and Pyle, J., concur.