**Robert E. STANAGE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9509–CR–322.

Court of Appeals of Indiana.

Dec. 13, 1996.

Edward C. Hilgendorf, South Bend, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Robert E. Stanage ("Stanage") appeals his conviction for two counts of child molesting, a class C felony.[1] He presents three issues for our review:

I.   Whether the trial court erred in allowing only portions of his videotaped interview to be admitted into evidence.

II.  Whether the evidence was sufficient to sustain his conviction.

III. Whether he received effective assistance of counsel.

We affirm.

The facts most favorable to the verdict reveal that Stanage's two nieces often stayed at his house. When there overnight, they sometimes slept in the same bed as Stanage. At the time of the incidents in question, one niece was eleven years old and the other was ten years old. One winter night in 1994, the ten year old stayed overnight at Stanage's home. After her aunt fell asleep on the couch in the living room, she crawled into bed with Stanage. While she was in bed, Stanage placed his finger in her pants and inserted it in her vagina. His niece left the bedroom and returned to the living room where she eventually fell asleep. She did not report this incident to anyone.

A few months later in May 1994, the eleven year old niece stayed overnight at the Stanage house. After her aunt fell asleep on the couch, she crawled into bed with Stanage and fell asleep. She awoke to find Stanage touching her in her pubic area. She immediately left the bedroom and returned to the living room. She did not tell her mother about the incident for a couple of days because she was afraid that no one would believe her. When she told her mother a few days after the incident, her mother reported the incident to the police.

Stanage initially denied that he had molested the girls. However, he later admitted to their mother that the girls' stories were true and said he was sorry. Later, in a videotape interview, Stanage admitted to Sergeant Cynthia Reed of the Mishawaka Police Department that he had molested the eleven year old, but denied any wrongdoing with regard to the ten year old.

The Mishawaka police then charged Stanage with two counts of child molesting. After a jury trial, Stanage was convicted and this appeal ensued.

### I.

#### *Admission of the Videotape*

Stanage first argues that the trial court erred in excluding portions of his videotaped confession. During his testimony, Stanage denied making various incriminating statements to the Mishawaka police. On rebuttal, the State moved to admit portions of his videotape as impeachment evidence. The trial court allowed portions of the videotape to be played to the jury, but excluded portions it determined were prejudicial to Stanage. Stanage argues that he had a right to have the entire videotape admitted into evidence.

█ Under the doctrine of completeness, when one party seeks to admit a portion of a document or recorded statement into evidence, the opposing party can place the remainder of the statement into evidence. *Evans v. State*, 643 N.E.2d 877, 881 (Ind.1994), *reh. denied.* This prevents the jury from being misled by statements taken out of context. *Id.* However, the omitted portions are still subject to the normal rules of admissibil-

1.   IND.CODE § 35–42–4–3(b) (Supp.1994).

ity. *Id.* Immaterial, irrelevant or prejudicial material must be redacted from the portions of the statement which are admitted. *Id.* This includes evidence of prior bad acts committed by the defendant. *Johnston v. State,* 517 N.E.2d 397, 401 (Ind.1988).

The doctrine of completeness has been incorporated into the new Indiana Evidence Rules as Ind. Evidence Rule 106.[2] Evid.R. 106 does not specifically require that the omitted portions must be subject to the normal rules of admissibility. However, the committee commentary which accompanies the rule states that, unlike the Uniform Rule of Evidence 106, Indiana's rule requires such admissibility under the doctrine of completeness. Thus, Evid.R. 106 does not change Indiana's common law with regard to the admissibility of the omitted portions sought to be included.

■ Turning to the facts of this case, Stanage sought to have the omitted portions of the videotape admitted into evidence. However, the trial court determined that those portions of the interview were prejudicial to Stanage because they contained statements concerning other wrongs committed by him. Evidence of prior bad acts is generally inadmissible except in limited circumstances. Ind. Evidence Rule 404(b); *Hackney v. State,* 649 N.E.2d 690, 692 (Ind.Ct. App.1995), *trans. denied.* As noted above, evidence which is highly prejudicial or otherwise inadmissible cannot be admitted under Evid.R. 106. *Evans, supra,* at 881. Accordingly, we conclude that the trial court did not err by redacting the prejudicial portions of Stanage's interview from the videotape.[3]

## II.

### *Sufficiency*

■ Stanage next argues that the evidence is insufficient to sustain his conviction.

2. Ind.Evid.R. 106 provides:
   When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it.

3. We note that the record on appeal does not contain a copy of the videotape or a transcript so we cannot conduct an independent review of

When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.* The uncorroborated testimony of a victim is sufficient to sustain a conviction for child molesting. *Heeter v. State,* 661 N.E.2d 612, 616 (Ind.Ct.App.1996).

■ To convict Stanage of child molesting, the State had to prove that he fondled or touched the girls with the intent to arouse or satisfy the sexual desires of himself or the child. IC 35–42–4–3(b). His intent can be inferred from his conduct. *Butcher v. State,* 627 N.E.2d 855, 861 (Ind.Ct.App.1994), *reh. denied.*

■ Here, the ten year old testified that Stanage placed his finger in her pants and inserted it in her vagina. The eleven year old testified that Stanage touched her in her "private parts." Their uncorroborated testimony is sufficient to sustain his conviction. *Heeter, supra,* at 616. Furthermore, the girls' mother and the police officer who interviewed Stanage testified concerning incriminating statements made by Stanage. Stanage's arguments concerning the credibility of the two girls is simply an invitation to reweigh the evidence and judge the credibility of witnesses which we will not do on appeal.[4] *Jordan, supra,* at 817. There is sufficient evidence to sustain the convictions.

## III.

### *Ineffective Assistance of Counsel*

Finally, Stanage argues that he received ineffective assistance of counsel at trial. To

whether the omitted portions were overly prejudicial.

4. Stanage bases his argument on the fact that the two girls' stories were very similar, thus, in his opinion, making them incredible and improbable. However, the determination of whether the girls' testimony was believable was a determination for the jury. We will not disturb that determination on appeal. *Heeter, supra,* at 615–16.

prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's deficient performance the result of the proceedings would have been different. *Fugate v. State*, 608 N.E.2d 1370, 1372 (Ind. 1993). Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption. *Id.*

Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Bellmore v. State*, 602 N.E.2d 111, 123 (Ind.1992), *reh. denied* (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Stanage points to several errors made by his counsel at trial. However, he fails to show any prejudice resulting from the errors. First, he points to his attorney's confusion concerning the seating arrangement in the courtroom and the selection of potential jurors. However, he makes no showing of prejudice caused by these misunderstandings. Instead, he states that the trial court explained the processes to his attorney. Next, he points to his counsel's difficulty in impeaching the testimony of the girls' mother. However, he admits that eventually his counsel was able to use the evidence to impeach the witness. Finally, Stanage argues that his counsel failed to file a discovery motion. However, he acknowledges that the State did provide him with the discovery absent the order. Again, he shows no prejudice resulting from the failure to file the discovery order. Because Stanage fails to show any prejudice resulting from the alleged errors made by his trial counsel, his claim for ineffective assistance of counsel must fail. *Fugate, supra.*

GARRARD and RILEY, JJ., concur.