**Bedford L. ATWELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–9909–CR–685.

Court of Appeals of Indiana.

Nov. 21, 2000.

Transfer Denied Jan. 29, 2001.

Kevin R. O'Reilly, Lafayette, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant Bedford L. Atwell ("Atwell") appeals his conviction for attempted murder,[1] a Class A felony. We affirm.

### Issues

Atwell presents two issues for review, which we restate as follows:

I.    Whether the trial court erred in admitting the victim's statement

1.  *See* IND.CODE § 35–42–1–1 (murder); IND. CODE § 35–41–5–1 (attempt).

that Atwell had hit Atwell's girl-friend; and

II. Whether the trial court abused its discretion in denying Atwell's motion for a physical and mental examination under Indiana Code Section 35–38–1–10.

## Facts and Procedural History

Atwell lived in the apartment of his chronically ill brother John Atwell ("John"), and Atwell's long-time friend David York ("York") lived in an apartment in the same building. On May 18, 1998, Atwell's girlfriend Wendy Veach ("Veach") complied with Atwell's request to purchase ammunition for his .32 caliber derringer pistol, which he had previously shown to York. Later that evening, York was in Atwell's apartment when Atwell began arguing with Veach. Atwell threatened to hit Veach, and York advised her to leave the apartment. York returned to his apartment and saw Veach drive away. Shortly thereafter, Atwell went to York's apartment, and the two men began arguing. York told Atwell to leave, saw him reach into his pocket for a gun, and started to run. York heard Atwell fire two shots, felt something warm on his right shoulder, and ran across the street to a neighbor's house. The neighbor called 911.

When police responded to the call, they assisted the wounded York and persuaded Atwell to leave the apartment after a two-hour standoff. John gave police permission to search his apartment, where they found Atwell's unloaded derringer in a trash can, as well as a box of .32 caliber ammunition with two rounds missing. Police later determined that the bullet removed from York's shoulder had been fired from the upper barrel of Atwell's derringer.

The State charged Atwell with attempted murder, battery, criminal recklessness, and pointing a firearm. After his first trial ended in a hung jury, Atwell was found guilty as charged on July 20, 1999. On July 29, 1999, Atwell requested a pre-sentence physical and mental evaluation. At the sentencing hearing on August 20, 1999, the trial court denied Atwell's motion, entered judgment only on the attempted murder conviction, and sentenced Atwell to 50 years of imprisonment.

## Discussion and Decision

### I. Admission of York's Statement

■ Atwell first contends that the trial court erred in admitting York's statement that Atwell had battered Veach several days before the shooting. Atwell claims that this statement violates Indiana Evidence Rule 404(b), which prohibits evidence of "other crimes, wrongs, or acts" that are offered to "prove the character of a person in order to show action in conformity therewith." Atwell further argues that the statement's probative value, if any, is outweighed by its prejudicial effect under Indiana Evidence Rule 403. We review a trial court's admissibility determinations for an abuse of discretion, and reversal is appropriate only where its decision is clearly against the logic and effect of the facts and circumstances. *Fox v. State*, 717 N.E.2d 957, 966 (Ind.Ct.App. 1999), *trans. denied.*

On direct examination by the State, York stated that he had been unarmed and had not provoked or attacked Atwell before the shooting. On cross-examination, the following colloquy occurred:

Q Do you remember telling Officer Johnson that night at the police station that you told [Atwell] you were gonna knock his goddamned brains out?

A I probably did but I don't recall it.

On redirect, the State read the following statement into evidence over Atwell's objection:

Q David, do you remember being asked these questions by Detective Johnson and giving these answers? ... Question, did you and [Atwell] get into a physical fight before you got shot, did he hit you or did you hit him with anything? Answer, I

told him I was gonna knock his goddamned brains out. Question, okay is that after he shot you? Answer, before. Question, but you didn't? Answer, because I wasn't gonna let him hit [Veach] because Saturday night—Saturday night you got a police report that was called up there and I wasn't gonna let him hit her again. Question, but did you hit him tonight? Answer, no I didn't touch him. Question, okay so you didn't get physical? Answer, no. Question, when he shot you—. Answer, I just had my back turned—turned to him. Do you recall being asked those questions and giving those answers?

A   Yes. ·

■ The State advocated the admission of York's statement under the doctrine of completeness as expressed by Indiana Evidence Rule 106: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time [2] the introduction of any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it." This rule "is designed to avoid misleading impressions caused by taking a statement out of its proper context or otherwise conveying a distorted picture by the introduction of only selective parts." *Lieberenz v. State*, 717 N.E.2d 1242, 1248 (Ind.Ct.App.1999) (citing 13B R. MILLER, INDIANA PRACTICE: COURTROOM HANDBOOK ON INDIANA EVIDENCE 23 (1998 ed.)), *trans. denied.*

> The rule may be invoked to admit omitted portions of a statement in order to (1) explain the admitted portion; (2) place the admitted portion in context; (3) avoid misleading the trier of fact; or (4) insure a fair and impartial understanding of the admitted portion. However, a court need not admit the remainder of the statement, or portions thereof, that are neither explanatory of nor relevant to the portions already introduced.

*Id.* (citations to 13B INDIANA PRACTICE omitted); *see also Stanage v. State*, 674 N.E.2d 214, 215–16 (Ind.Ct.App.1996) (noting that "omitted portions are still subject to the normal rules of admissibility": "Immaterial, irrelevant or prejudicial material must be redacted from the portions of the statement which are admitted. This includes evidence of prior bad acts committed by the defendant.") (citations omitted).[3]

---

2. The State chose to introduce the remainder of York's statement on redirect, rather than when York's alleged threat was raised by defense counsel on cross-examination. However, we note that for reasons of both context and fairness, Evidence Rule 106 allows the contemporaneous admission of "any other part or any other writing or recorded statement." *See Lieberenz v. State*, 717 N.E.2d 1242, 1248 (listing context and fairness as reasons for invoking Evidence Rule 106 "to admit omitted portions of a statement"). In his discussion of Evidence Rule 106, Judge Miller writes,

> When faced with a demand for immediate completeness under Rule 106, the trial court should weigh the adequacy of later "repair work" against the impact, in time and effect upon the adversary's presentation, of requiring contemporaneous admission of the remainder. Whether fairness requires the contemporaneous admission of additional matter ultimately rests within the trial court's broad discretion.

12 R. MILLER, INDIANA PRACTICE: INDIANA EVIDENCE 123 (1995 ed.) (footnotes omitted); *see also id.* at 122 ("The party invoking Rule 106 also bears the burden of explaining to the trial judge why fairness demands the contemporaneous admission of the remainder.") (footnote omitted).

3. The *Stanage* court also noted that while Indiana Evidence Rule 106 "does not specifically require that the omitted portions must be subject to the normal rules of admissibility[,] the committee commentary which accompanies the rule states that, unlike the Uniform Rule of Evidence 106, Indiana's rule requires such admissibility under the doctrine of completeness." · 674 N.E.2d at 216. Thus, the *Stanage* court concluded that the common-law doctrine of completeness had been incorporated into Indiana Evidence Rule 106. *See id.*

Indiana Evidence Rule 404(b) excludes evidence of prior bad acts "to prove the character of a person in order to show action in conformity therewith," but allows such evidence to be admitted "for other purposes."[4] "The rule is designed to prevent the jury from making the 'forbidden inference' that prior wrongful conduct suggests present guilt." *Byers v. State*, 709 N.E.2d 1024, 1026–27 (Ind.1999). For this evidence to be admissible, "'the court must (1) determine that the evidence is relevant to a matter at issue other than the defendant's propensity to commit the charged act, and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403.'" *Id.* at 1027 (citation omitted). We review the trial court's determination for an abuse of discretion. *See id.*

We disagree with Atwell's assertion that in seeking to admit York's testimony, the State "[c]learly ... sought the inference that Atwell acted in conformity with this previous violent attack [on Veach] on the night of the alleged shooting." Rather, the State clearly offered the testimony to rebut Atwell's misleading inference that York had threatened him before the shooting. As the State explained at trial, "The defense proposition is that some sort of physical, verbal or almost physical but verbal confrontation between the two, that is not correct and what [York] was telling [Atwell] was not by way of a threat to attack him, but by way of stopping him from doing something [hitting Veach] that he threatened to do that night." Thus, York's testimony was clearly relevant to the issue of provocation.

We also disagree with Atwell's assertions that the testimony lacked probative value, and that it is "clearly more prejudicial ... than probative of any fact in issue." On the contrary, York's testimony was probative of the lack of provocation and York's credibility as a witness; the

State sought to establish that York's statement was in response to Atwell's threat to hit Veach and that York had testified truthfully that he had not provoked Atwell before the shooting. As the State suggests, York's testimony could also be considered proof of Atwell's motive, given that Veach and Atwell were apparently romantically involved and that York sought to protect Veach from Atwell's threatened abuse. Moreover, we conclude that the unfairly prejudicial effect of the testimony did not *substantially* outweigh its probative value, given that the battery was mentioned only tangentially in the course of explaining to the jury the context of York's statement. *See* Ind. Evidence Rule 403 (probative value of relevant evidence must be *"substantially* outweighed" by danger of unfair prejudice before it may be excluded) (emphasis added). The trial court did not abuse its discretion in admitting York's testimony.

## II. Request for Physical and Mental Evaluation

Atwell claims that the trial court erred in denying his timely filed request for a physical and mental examination as part of the presentence investigation under Indiana Code Section 35–38–1–10. The decision to order such examinations is within the trial court's discretion. *Wray v. State*, 547 N.E.2d 1062, 1068 (Ind. 1989). At the sentencing hearing, the State noted that Atwell had been evaluated for post-traumatic stress disorder in 1993, and Atwell stated that he had stopped taking medication for this condition in 1997. Given that the trial court specifically found Atwell's post-traumatic stress disorder to be a mitigating factor based on information contained in the presentence investigation report, we cannot conclude that it abused its discretion in denying

---

4. The "other purposes" listed in the rule include "proof of motive, intent, preparation, plan, knowledge, identity, or absence of mis-

take or accident." This list is illustrative, not exhaustive. *Hicks v. State*, 690 N.E.2d 215, 219 (Ind.1997).

Atwell's request to undergo a subsequent examination.

Affirmed.

SULLIVAN and NAJAM, JJ., concur.