George F. SANDERS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0409–CR–400.

Court of Appeals of Indiana.

March 4, 2005.

Transfer Granted May 12, 2005.

John C. Bohdan, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

A jury found George Sanders guilty of two counts of child molesting, one count as a Class A felony and one count as a Class C felony. The trial court merged the convictions and sentenced Sanders to thirty years in the Indiana Department of Correction. Sanders now appeals. We reverse.

### Issues

Sanders raises two issues for our review, which we restate as the following:

1. Whether the trial court properly admitted into evidence a letter written by Sanders to the trial court; and

2. Whether the trial court properly excluded evidence proffered by Sanders of the alleged victim's mental history.

*Facts and Procedural History*

On the evening of May 24, 2003, J.R., who was twelve years of age, spent the night at her friend A.S.'s house. Sanders is A.S.'s father. J.R. and A.S. were in the basement with Sanders lying on a bed watching television. Sanders was lying in the middle of the bed with J.R. and A.S. lying on either side. At one point, Sanders began rubbing J.R.'s back underneath her clothes. J.R. began to fall asleep when Sanders next started rubbing her feet. He continued rubbing her feet and gradually moved his hand up her leg until he reached her genitals. Sanders then inserted two fingers inside J.R.'s vagina. J.R., who was awakened by Sanders's touching, told Sanders to stop and eventually kicked him off of her. J.R. and A.S. left the basement when A.S.'s mother arrived home and spent the night upstairs in A.S.'s room. J.R. did not tell A.S.'s mother what had happened, but she did tell A.S.'s siblings.

The next day, A.S. accompanied J.R. home and told J.R.'s mother what had happened. J.R.'s mother called the police, and an investigation ensued. After being interviewed by the police about the incident, J.R. was taken to a sexual assault treatment center for a genital examination. During the examination, the nurse examiner found two abrasions, or scratches, inside J.R.'s vagina. The nurse examiner testified at trial that the injuries were indicative of trauma due to vaginal penetration.

The State ultimately charged Sanders with Class A felony child molesting and Class C felony child molesting. Prior to

trial, Sanders sent a letter to the trial court. At trial, the State introduced a redacted version of the letter into evidence. Sanders objected, arguing that the letter should be admitted in its entirety or not at all. The trial court overruled Sanders's objection and admitted the redacted version of the letter into evidence.

On the day of trial, the State argued a motion in limine regarding the introduction of evidence pertaining to J.R.'s mental history. The trial court granted the State's motion in limine, concluding that the evidence was irrelevant. Ultimately, Sanders was found guilty by a jury as charged. The trial court merged the Class C felony conviction with the Class A felony conviction and sentenced Sanders to thirty years in the Indiana Department of Correction. Sanders now appeals.

*Discussion and Decision*

Sanders contends the trial court erred by (1) admitting into evidence a redacted version of the letter written by Sanders to the trial court, rather than admitting the letter in its entirety; and (2) denying admission of evidence related to J.R.'s mental history. We address each contention in turn.

I. Standard of Review

▮ The admission or exclusion of evidence is a matter within the trial court's discretion, and we will reverse only upon an abuse of that discretion. *Greenboam v. State*, 766 N.E.2d 1247, 1250 (Ind.Ct.App. 2002), *trans. denied*. An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind. 1997). An error in the admission of evidence is harmless unless the error affected the substantial rights of the defendant. *Camm v. State*, 812 N.E.2d 1127, 1137 (Ind.Ct.App.2004), *trans. denied*. To determine whether an error in the admission

of evidence affected the defendant's substantial rights, we must consider the probable impact the evidence had upon the jury. *Id.* "The question is not whether there is sufficient evidence to support the conviction absent the erroneously admitted evidence, but whether the evidence was likely to have had a prejudicial impact on the jury." *Id.*

II. Sanders's Letter to the Court

Sanders first contends that the trial court erred by admitting into evidence a redacted version of a letter Sanders wrote to the court prior to trial. We agree.

On January 28, 2004, Sanders wrote the following letter to the trial court:

> My name is George Sanders, I am a common man, and I have never written to a Judge before.
>
> I pray, you will accept this, I humbly, wish to *apologize to the court,* and to the Reinking family, and to God the Father in heaven, for any action, I or my family [sic] has done, to cause any trials or heart aches for them in any way. (Proverbs 14:14) says[,] "you harvest what you plant." *My stupidity has!* I have never had a felony in the [fifty] years of my life, a beer or even a cigarette.
>
> I have no criminal record in Canada for [thirty] years, when I was asked to move here on a[n] H1 visa. (Proverbs 19:3) *We are ruined by our own stupidity* and that, *a good reputation* and *respect,* are *worth more* than *silver* and *gold* (Prov. 22:1).
>
> *I can honestly say* I never had *any desire* or did I make any attempt to have sex with the girl. *But I did touch someone else's child.*
>
> I just found out, from my attorney, that my [nine] year old daughter also admitted to touching her accidentally

and that she had been molested by her father and her mother's boy friend.

*I feel awlful* [sic]. I have to accept this plea, because, *I did touch her* and I have [nine] children of my own including [three] step children.

*I do not wish to cause* this family, any more pain or suffering, than what, they have all ready [sic] gone through. Especially in Court.

I have cried hours, about the hardship *I caused them* and *am truly sorry!* I was told they also, lost a family member, in an accident, some years ago.... I have lost my good reputation, and all that we have owned, my job, all our vehicles and had to file bankruptcy. (Proverbs, 17:10) says, "a *sensible person accepts correction,* but you can't beat sense into a fool." I asked *God the Father to forgive me as well.*

If we truly love God, our sins *will be forgiven,* if we show him *respect,* and *we will keep away from sin.*

I *promise you,* that something like this, *will never happen again,* as long as *I live.*

God is a God of Judgment, but he is also a God of *Mercy* and a God of *Reconciliation.* As I am the only child, *I will need to bury my mother,* who is 93 in Canada soon.

I ask for your *mercy* and *consideration* in this matter.

Thank you!

Appendix at 424–26 (emphasis in original).

At trial, the State introduced into evidence a redacted version of the letter. The following portion was redacted from the original letter: "and that she had been molested by her father and her mother's boy friend." Sanders argued at trial that, under Indiana Evidence Rule 106, the letter should have been admitted in its entirety. In the alternative, Sanders contended that the letter, as redacted, was unduly prejudicial and should have been excluded. The trial court admitted the redacted version of the letter into evidence over Sanders's objection.

■ Indiana Evidence Rule 106 provides, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it." The doctrine of completeness prevents the factfinder from being misled by statements that were taken out of context. *Vinson v. State,* 735 N.E.2d 828, 833 (Ind.Ct.App. 2000), *trans. denied, disapproved of on other grounds, Long v. State,* 743 N.E.2d 253 (Ind.2001). "However, the omitted portions are still subject to the normal rules of admissibility." *Id.* Evidence that is highly prejudicial or otherwise inadmissible cannot be admitted under Indiana Evidence Rule 106. *Stanage v. State,* 674 N.E.2d 214, 216 (Ind.Ct.App.1996).

■ The State argued at trial that the omitted portion regarding J.R.'s previous molestations violated Indiana Evidence Rule 412, which provides that a sex crime victim's past sexual conduct is generally inadmissible.[1] Sanders countered that the

---

**1.** Indiana Evidence Rule 412 provides, in pertinent part,

(a) In a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted, except:
(1) evidence of the victim's or of a witness's past sexual conduct with the defendant;
(2) evidence which shows that some person other than the defendant committed the act upon which the prosecution is founded;
(3) evidence that the victim's pregnancy at the time of trial was not caused by the defendant; or

redacted version of the letter took Sanders's statements out of context and was unduly prejudicial. More specifically, Sanders argued that redacting the portion of the letter regarding J.R.'s prior molestations placed his subsequent statements about feeling awful and not wishing to cause J.R. more pain out of context. Therefore, according to Sanders, the letter should not have been admitted into evidence at all.

We agree with Sanders. Neither party disputes that the statement in the letter about J.R.'s prior molestations was inadmissible under Indiana Evidence Rule 412. As a result, even under the doctrine of completeness, the trial court properly redacted the statement. *See, e.g., Stanage,* 674 N.E.2d at 216 ("[E]vidence which is highly prejudicial or otherwise inadmissible cannot be admitted under [Indiana Evidence Rule 106]."). Yet when considering the remaining portion of the letter that was admitted into evidence, Sanders is correct that the letter, especially as redacted, was unduly prejudicial and should have been excluded by the trial court.

■ Evidence having any tendency to make the existence of a material fact more or less probable than it would be without the evidence is relevant and generally admissible. Ind. Evidence Rule 401, 402. However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, ... or misleading the jury...." Evid. R. 403. Nowhere in the letter does Sanders admit he molested J.R. Instead, Sanders contends that the statements he made in the letter about feeling awful and not wanting to cause J.R. or her family any more pain or suffering referred to his reaction upon finding out that J.R. was previously molested by two different men.

Sanders further argues that his statements in the letter about having to accept the plea and not wishing to cause J.R. and her family any further hardship also referred to his reaction upon learning of J.R.'s previous molestations. Because this information about J.R.'s previous molestations was redacted from the letter given to the jury, the remainder of the letter was misleading to the jury and unduly prejudicial.

■ Moreover, the error in admitting the redacted version of the letter into evidence was not harmless. In its closing argument to the jury, the State said, "probably the best evidence of this case ... is [Sanders's] letter to the Judge." Tr. at 477. The State also highlighted Sanders's statements in his letter that he felt awful and did not wish to cause J.R. and her family any more pain or suffering. Thus, the redacted version of the letter likely had a prejudicial impact on the jury, especially considering that the State characterized it as the "best evidence of this case." Tr. at 477. For this reason, the error in admitting the redacted version of the letter into evidence was not harmless; accordingly, we reverse Sanders's convictions.

### III. J.R.'s Mental History

■ Because the issue may arise in the event of a retrial, we also address Sanders's contention that the trial court erred in excluding evidence of J.R.'s mental history. We disagree.

At trial, the State argued a motion in limine regarding the introduction of evidence pertaining to J.R.'s mental history. More specifically, Sanders wished to elicit testimony that J.R. had been hearing her deceased younger brother's voice. Sanders argued that the evidence was relevant to show that J.R. did not have the capacity

(4) evidence of conviction for a crime to impeach under Rule 609.

to accurately observe, remember or recount the alleged incident of molestation. The trial court granted the State's motion in limine, concluding that the evidence was irrelevant.

 Generally, evidence having any tendency to make the existence of a fact that is of consequence to the determination of an action more or less probable than it would be without the evidence is admissible. Ind. Evidence Rule 401, 402.

> Whenever an alleged child victim takes the witness stand in [cases involving sexual crimes], the child's capacity to accurately describe a meeting with an adult which may involve touching, sexual stimulation, displays of affection and the like, is automatically in issue, whether or not there is an effort by the opponent of such witness to impeach on the basis of a lack of such capacity.

*Lawrence v. State*, 464 N.E.2d 923, 925 (Ind.1984), *abrogated on other grounds*, *Lannan v. State*, 600 N.E.2d 1334 (Ind. 1992). The credibility of a witness may be attacked by showing a defect in the capacity of a witness to observe, remember or recount the incident about which she is testifying. *Lusher v. State*, 181 Ind.App. 63, 390 N.E.2d 702, 704 (1979).

At trial, Sanders used the transcript of J.R.'s deposition testimony as his offer of proof regarding the admissibility of J.R.'s mental history. In her deposition, J.R. testified that she had heard her brother's voice after he had died; however, she did not say when she heard his voice or if she had been hearing his voice around the time of the alleged molestation. Thus, Sanders failed to demonstrate how J.R.'s belief that she had heard her deceased brother's voice affected her capacity to accurately observe, remember, or recount the alleged incident with Sanders. For this reason, the trial court did not abuse its discretion in excluding the evidence introduced by Sanders regarding J.R.'s mental history because Sanders failed to establish its relevancy.

### Conclusion

Although we hold that the trial court did not abuse its discretion in excluding evidence of J.R.'s mental history, we reverse Sanders's convictions because the trial court abused its discretion in admitting into evidence the redacted version of a letter written by Sanders to the trial court.

 Reversed.[2]

RILEY, J., and CRONE, J., concur.

---

2. The principles of double jeopardy prohibit multiple convictions for the same offense; however, double jeopardy principles do not prohibit the successive prosecution of a defendant who succeeds in setting aside his conviction due to a procedural error. *Montgomery v. State*, 804 N.E.2d 1217, 1222 (Ind.Ct.App. 2004), *trans. denied.* Unlike a reversal for insufficient evidence, which says that the State has failed to prove its case, a reversal for a procedural error says nothing about the innocence or guilt of a defendant. *Burks v.* *United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Therefore, double jeopardy principles necessarily bar retrial in cases of reversal for insufficient evidence but not in cases of reversal for procedural error. *Id.* at 15–16, 98 S.Ct. 2141. Sanders makes no claim on appeal that the evidence the State presented in the instant case was insufficient to support his convictions, and our review of the record demonstrates that such a claim would have failed. Therefore, retrial is appropriate.