ATTORNEY FOR APPELLANT
John C. Bohdan
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Elizabeth Rogers
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 02S03-0505-CR-222

GEORGE F. SANDERS,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Allen Superior Court, No. 02D04-0309-FA-56
The Honorable Frances C. Gull, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 02A03-0409-CR-400

**January 12, 2006**

**Sullivan, Justice.**

Defendant George Sanders wrote a letter of confession that was used against him at his trial for child molesting. The letter he wrote contained a reference to the fact that the victim had been molested previously but this reference was redacted when the letter was presented to the jury. The Court of Appeals held that the redacted material was necessary for the jury to under-

stand the letter's context.  But we find that the letter as used did not present the letter out of context in a way that misled the jury.

## Background

In May, 2003, J.R., a 12-year-old girl, spent the night at the home of her friend A.S. and A.S.'s father, George Sanders.  J.R., A.S., and Sanders were lying on a bed in the basement watching television; Sanders lay between the girls.  Sanders began rubbing J.R.'s back underneath her clothes.  J.R. began to fall asleep, but woke up as Sanders rubbed her feet and continued up her leg with his hand.  Sanders continued until he reached J.R.'s vagina, where he inserted two of his fingers.

J.R. and A.S. eventually left the basement and slept in A.S.'s room.  J.R. did not tell her mother or A.S.'s mother what had happened because she was scared.  But the next day, A.S. went home with J.R. and told J.R.'s mother.  The following day, J.R. spoke with the police about the incident and was examined by a nurse.  The nurse testified that during an examination of J.R.'s genitals, she found two abrasions or scratches indicative of some type of penetrating trauma.

The State charged Sanders with Class A felony child molesting and Class C felony child molesting.  A few months later, Sanders sent the following letter directly to the trial judge:

Dear Judge Gull,

My name is George Sanders, I am a common man, and I have never written to a Judge before.

I pray, you will accept this, I humbly, wish to apologize to the court, and to [J.R.'s] family, and to God the Father in heaven, for any action, I or my family has done, to cause any trials or heart aches for them in any way.  (Proverbs 14:14) says[,] "you harvest what you plant."  My stupidity has!  I have never had a felony in the 50 years of my life, a beer or even a cigarette.

I have no criminal record in Canada for 30 years, when I was asked to move here on a H1 visa.  (Proverbs 19:3) "We are ru-

2

ined by our own stupidity and that, <u>a good reputation</u> and <u>respect</u>, are <u>worth more</u> than <u>silver</u> and <u>gold</u> (Prov. 22:1).

<u>I can honestly say</u> I never had <u>any desire</u> or did I make any attempt to have sex with the girl. <u>But I did touch someone else's child</u>.

I just found out, from my attorney, that my 9 year old daughter also admitted to touching her accidentally and that she had been molested by her father and her mother's boy friend.

<u>I feel awlful</u> [sic]. I have to accept this plea, because, <u>I did touch her</u> and I have 9 children of my own including 3 step children.

<u>I do not wish to cause</u> this family, any more pain or suffering, than what, they have all ready [sic] gone through. Especially in Court.

I have cried hours, about the hardship <u>I caused them</u> and <u>am truly sorry</u>! I was told they also, lost a family member, in an accident, some years ago. . . . I have lost my good reputation, and all that we have owned, my job, all our vehicles and had to file Bankruptcy.

(Proverbs 17:10) says, "<u>a sensible person accepts correction</u>, but you can't beat sense into a fool." I asked <u>God the Father to forgive me as well</u>.

"If we truly love God, our sins <u>will be forgiven</u>, if we show him <u>respect</u>, and <u>we will keep away from sin</u>.

I <u>promise you</u>, that something like this, <u>will never happen again</u>, as long as <u>I live</u>.

God is a God of Judgment, but he is also a God of <u>Mercy</u> and a God of <u>Reconciliation</u>. As I am the only child, <u>I will need to bury my mother</u>, who is 93 in Canada soon.

I ask for your <u>mercy</u> and <u>consideration</u> in this matter.

Thank you!
George Sanders

P.S. Please forgive me, if I have done wrong, by writing this letter of apology.

Thank you!

App. at 424-26 (emphases in original). At trial, the State admitted over Sanders's objection a version of this letter that was redacted. In the redacted version of the letter, the following language was omitted from the fifth paragraph: "and that she had been molested by her father and

her mother's boy friend."[1]  App. at 428.  The jury found Sanders guilty as charged, and the trial court sentenced him to 30 years for Class A child molesting.

On appeal, Sanders argued, among other things, that the trial court erred in admitting the redacted version of his letter.[2]  Finding that the trial court abused its discretion in admitting into evidence the redacted version of the letter and that it had an unduly prejudicial effect on the jury, the Court of Appeals reversed Sanders's convictions.  Sanders v. State, 823 N.E.2d 313, 319 (Ind. Ct. App. 2005).  The State petitioned to, and we granted, transfer.  2005 Ind. LEXIS 443 (Ind. May 12, 2005).

## Discussion

### I

According to Sanders and the Court of Appeals, the redacted letter had a prejudicial impact on the jury, "especially considering that the State characterized it as the 'best evidence of this case.'"  Sanders, 823 N.E.2d at 318 (quoting Tr. at 477.).  Sanders objected to the admission of the letter altogether at trial, but argued in the alternative that if any part of the letter was to have been admitted, then the entire letter should have been admitted.  The crux of his argument is grounded in the so-called the "doctrine of completeness," as embodied in Indiana Evidence

---

[1] The State argued to the trial court that including this language would violate Indiana Evidence Rule 412, which provides in relevant part:

> (a) In a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted, except:
> > (1) evidence of the victim's or of a witness's past sexual conduct with the defendant;
> > (2) evidence which shows that some person other than the defendant committed the act upon which the prosecution is founded;
> > (3) evidence that the victim's pregnancy at the time of trial was not caused by the defendant; or
> > (4) evidence of conviction for a crime to impeach under Rule 609.

Ind. Evidence Rule 412.

[2] Sanders also argued that the trial court erred in denying the admission of evidence pertaining to J.R.'s mental history.  The Court of Appeals found that the trial court did not abuse its discretion in excluding this evidence, Sanders v. State, 823 N.E.2d 313, 319 (Ind. Ct. App. 2005), and we summarily affirm the Court of Appeals on this issue.  Ind. Appellate Rule 58(A).

Rule 106, that "prevents the factfinder from being misled by statements that were taken out of context." Br. in Response to Pet. to Transfer at 2.[3] Sanders reasons that without the reference to J.K.'s prior molestations, the letter "impermissibly took his statements to the judge grossly out of context while precluding his counsel from presenting a full reading of the correspondence." Id. at 3.

Sanders admits that his letter contains "[d]amning and difficult inferences . . . to potentially explain away," but argues that the redacted letter precludes the argument that the letter was not a confession but only an expression by Sanders that he "was 'sorry' for a child's horrendous past experience and that he wished to avoid seeing her put through the stress of a child molest proceeding again, whether the allegations were real or imagined." Br. of Appellant at 9-10. The Court of Appeals agreed:

> Nowhere in the letter does Sanders admit he molested J.R. Instead, Sanders contends that the statements he made in the letter about feeling awful and not wanting to cause J.R. or her family any more pain or suffering referred to his reaction upon finding out that J.R. was previously molested by two different men. Sanders further argues that his statements in the letter about having to accept the plea and not wishing to cause J.R. and her family any further hardship also referred to his reaction upon learning of J.R.'s previous molestations. Because this information about J.R.'s previous molestations was redacted from the letter given to the jury, the remainder of the letter was misleading to the jury and unduly prejudicial.

Sanders, 823 N.E.2d at 318.

Even if we agree that redacting the reference to J.R.'s prior history prevented Sanders from arguing that the purpose of the letter was not a confession, the following incriminating statements in the letter have nothing to do with the fact that J.K. had been previously molested: (1) "I did touch someone else's child"; (2) "I have to accept this plea, because, I did touch her . . . ."; (3) "our sins will be forgiven"; and (4) "something like this will never happen again, as long as I live." App. at 424-26 (emphases in original). In these statements, Sanders refers to his own

---

[3] Indiana Evidence Rule 106 provides in relevant part, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it."

actions, rather than to the past actions of others. Indeed, he admits that he touched J.K., says he has committed a sin, and promises to never do it again. The letter taken as a whole—including the part omitted in the redacted version—is clearly an admission of wrongdoing, an apology, and a plea for mercy and forgiveness. That would not change if a reader knew that J.K. had been previously molested. Furthermore, the notion that the context of the letter was sympathy for J.K., not a confession, cannot be reconciled with Sanders's statement in the letter that he was willing to accept a plea and go to jail.

The "completeness doctrine" did not require the inclusion of the redacted material. The doctrine's "purpose is to provide context for otherwise isolated comments when fairness requires it." Evans v. State, 643 N.E.2d 877, 882 (Ind. 1994). The context Sanders advances here—that the letter was not a confession but an expression of sympathy for J.K.—is simply not tenable given the letter's admissions and Sanders's expressed willingness in it to accept a plea. In other words, while the redacted material would have added some information, it would not have changed the context of the letter from one of confession to even arguably one of sympathy for J.K. As such, Evidence Rule 106 did not require the admission of the omitted language because the redaction did not take Sanders's statements out of context such that the jury would have been misled, nor did it omit any part of the letter, "which in fairness ought to [have been] considered contemporaneously with it." Evid. R. 106.

## II

We also find that the trial court did not err in determining that the probative value of Sander's statements outweighs any prejudice. We have found before that "all relevant evidence is 'inherently prejudicial' in a criminal prosecution, so the inquiry boils down to a balance of probative value against the likely unfair prejudicial impact the evidence may have on the jury." Richmond v. State, 685 N.E.2d 54, 55-56 (Ind. 1997). When determining likely unfair prejudicial impact, "courts will look for the dangers that the jury will substantially overestimate the value of the evidence or that the evidence will arouse or inflame the passions or sympathies of the jury." Evans, 643 N.E.2d at 880. As explained above, Sanders's letter contains admissions of wrongdoing, an apology, and a plea for forgiveness. Considering the letter's contents and the

6

fact that the defendant, himself, wrote the letter to the trial judge, we cannot say that the jury overestimated the value of this evidence or that the letter inflamed the jury's passions or sympathies.

## Conclusion

We summarily affirm the Court of Appeals only as to the issue discussed in Footnote 2 and affirm the trial court.  <u>See</u> Ind. Appellate Rule 58(A).

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.