### Charles RICHMOND, Appellant (Defendant Below),

v.

### STATE of Indiana, Appellee (Petitioner Below).

### No. 71S00–9702–CR–141.

Supreme Court of Indiana.

Sept. 24, 1997.

Thomas J. LaFountain, South Bend, for Appellant.

Jefrrey A. Modisett, Attorney General, and Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A jury found appellant Charles Richmond guilty of murder, Ind.Code Ann. § 35–42–1–1 (West Supp.1996), for the killing of Myron Moran.

The evidence was that Richmond and several others confronted two men on the street. Richmond pulled out a gun, so the victims turned and ran. Both were shot, one fatally. Richmond fled to the home of a friend, told her he shot some guys who were selling drugs on territory claimed by his allies. He gave her the gun for hiding.

At trial, several witnesses made brief references to Richmond's street gang, the "Southside Dawgs." Richmond contends these references were inadmissible under Indiana Rule of Evidence 404(b). He objected at various points during the trial when a reference to "dawgs" was mentioned.

Evidence Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

It is difficult to see how the few, brief references to "dawgs" could have been excluded by application of this rule. These references were few and tangential; they could hardly be considered elicited "to prove the character of [Richmond] in order to show action in conformity therewith." Evid.R. 404(b).[1] The proper objection to these references, therefore, is grounded in rules regarding relevance. *See United States v. Butler,* 71 F.3d 243, 250–52 (7th Cir.1995) (gang membership may be relevant as direct evidence of guilt). And, undoubtedly, gang membership may be unfairly prejudicial in a criminal prosecution, though that is a question under Evidence Rule 403. *Id.*

As our Court of Appeals noted in *Cadiz v. State,* 683 N.E.2d 597 (Ind.App. 1997), all relevant evidence is "inherently prejudicial" in a criminal prosecution, so the inquiry boils down to a balance of probative

---

1. Rule 404 might potentially apply when the prosecution introduces evidence of a prior conviction under the criminal gang activity statute, Ind.Code Ann. § 35–45–9–3 (West Supp.1996), or when a defendant's gang membership becomes "the entire theme of the trial," thereby raising a substantial threat of "guilt[ ] by association," *United States v. Roark,* 924 F.2d 1426, 1434 (8th Cir.1991). Neither was the case here.

value against the likely unfair prejudicial impact the evidence may have on the jury. *Id.* at 599–600. Here, the references to "dawgs" came from witnesses reciting the defendant's own statements. Richmond had stated he was going to "get his dawgs" in an effort to intimidate a woman and a child whom he had directed to conceal his gun. When one witness was asked what Richmond meant by "getting his dawgs," she merely replied, "his friends." At no time during the trial did the prosecution dwell upon the fact that the "Southside Dawgs" is a street gang.

In this light, the evidence pertaining to the "dawgs," which was clearly relevant to defendant's guilty conduct and his ownership and possession of the murder weapon, was not introduced or exploited to inflame the jury or to prove the defendant's criminal conduct. The trial court did not abuse its discretion to permit these references.

Accordingly, the trial court is affirmed.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.