**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGELINA M. SANDERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1106-CR-297 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-0911-FD-241

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Angelina Sanders appeals her conviction for Class D felony domestic battery in the presence of a child. We affirm.

## Issues

Sanders raises two issues, which we restate as:

I.      whether the trial court properly admitted evidence of I.S.'s age; and

II.     whether the trial court properly admitted evidence regarding who was the initial aggressor.

## Facts

On November 4, 2009, T.C. and Sanders had been living together for six months with Sanders's thirteen-year-old daughter, I.S. During that time, T.C. supported I.S. and participated in raising her while she was in his care. That night, T.C. got into an argument in the living room, where I.S. was watching TV. During the argument Sanders hit T.C. and jabbed him in the chest with a cane. Both T.C. and Sanders called 911. When police responded, T.C. and Sanders were interviewed separately and the police officers determined that Sanders was the initial aggressor based on her denial of a physical altercation, her lack of injury, T.C.'s description of the incident, and T.C.'s injury.

On November 6, 2009, the State charged Sanders with Class D felony domestic battery in the presence of a child. A jury found Sanders guilty as charged, and she now appeals.

**Analysis**

"We review a trial court's ruling on the admissibility of evidence for an abuse of discretion." Dunn v. State, 919 N.E.2d 609, 611 (Ind. Ct. App. 2010), trans. denied. "We will reverse only where the decision is clearly against the logic and effect of the facts and circumstances." Id. at 612. We consider the evidence most favorable to the court's decision and any uncontradicted evidence to the contrary, and we may uphold the trial court's ruling on any valid basis. Id.

### I. Evidence of I.S.'s Age

Sanders argues the trial court improperly permitted T.C. to testify over her objection that I.S. was thirteen at the time of the incident because the State failed to establish that T.C. had personal knowledge of I.S.'s age. Sanders contends that, without T.C.'s testimony regarding I.S.'s age, there is no evidence establishing that I.S. was thirteen and that her conviction should be reduced to a Class A misdemeanor. See Ind. Code § 35-42-2-1.3(b) (elevating Class A misdemeanor domestic battery to a Class D felony if the offense is committed in the physical presence of a child less than sixteen, knowing the child was present and might be able to see or hear the offense).

In support of her argument that T.C.'s testimony was inadmissible, Sanders relies on Indiana Evidence Rule 602, which provides:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. A witness does not have personal knowledge as to a matter recalled or remembered, if the recall or remembrance occurs only during or after hypnosis. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness. This rule is

3

subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

Sanders claims that nothing in the record sufficiently demonstrates that Coleman knew I.S.'s age. We disagree. T.C. testified that he had known Sanders for seven or eight months prior to the incident, that they had lived together with I.S. for six months prior to the incident, and that during that time he partook in "supplying for" I.S. and raising her while she was in his care. Tr. p. 92. From this testimony, the trial court could reasonably infer that T.C. had personal knowledge of I.S.'s age. Sanders has not established that the trial court abused its discretion in admitting T.C.'s testimony of I.S.'s age.

## II. Initial Aggressor

Sanders argues that Officer Scott Hupp's testimony regarding whom he believed was the initial aggressor was an evidentiary harpoon because his opinion was based on mere speculation and was prohibited by Indiana Evidence Rule 602. The trial court permitted Officer Hupp to testify over Sanders's objection on the basis that it was relevant to rebut Sanders's claim of self-defense. See I.C. § 35-41-3-2(e)(3) (explaining that a person is not justified in using force if the person "is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action.").

"An evidentiary harpoon occurs when the prosecution places inadmissible evidence before the jury for the deliberate purpose of prejudicing the jurors against the

defendant." Evans v. State, 643 N.E.2d 877, 879 (Ind. 1994). "Thus, to prevail on such a claim of error, the defendant must show that (1) the prosecution acted deliberately to prejudice the jury and (2) the evidence was inadmissible." Id.

There is no indication that the State acted deliberately to prejudice the jury. After the State asked the question and before Officer Hupp answered, Sanders objected, the trial court overruled the objection, and the State proceeded to question Officer Hupp. There was nothing surreptitious about the State's questioning of Officer Hupp. Further, to the extent this line of questioning was prejudicial to Sanders, "all relevant evidence is 'inherently prejudicial' in a criminal prosecution . . . ." Richmond v. State, 685 N.E.2d 54, 55-56 (Ind. 1997). We do not believe this line of questioning was unduly prejudicial in a domestic violence case in which self-defense is an issue.

We are also not convinced this line of questioning was inadmissible. Indiana Evidence Rule 701 provides:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

Although Officer Hupp did not witness the incident, he explained that his opinion was based Sanders's denial of a physical altercation, her lack of visible injury, T.C.'s account of the incident to another officer, and T.C.'s injury, which was consistent with his account. Without more, Sanders has not established that this evidence was inadmissible

under Indiana Evidence Rule 602. As such, the trial court was within its discretion to allow Officer Hupp to testify regarding who he believed was the initial aggressor.

## Conclusion

The trial court did not abuse its discretion by permitting T.C. to testify to I.S.'s age or in permitting Officer Hupp to offer his opinion as to who was the initial aggressor. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.

6