## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 05 2015, 8:13 am

*Kevin S. Smith*

**CLERK**

of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William N. Perry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 5, 2015

Court of Appeals Cause No. 01A05-1402-CR-55

Appeal from the Adams Circuit Court

The Honorable Chad E. Kukelhan, Judge

Cause No. 01C01-1308-FC-19

**Pyle, Judge**

# Statement of the Case

William Perry ("Perry") appeals his conviction, after a jury trial, for child molesting as a Class C felony[1] and intimidation as a Class D felony.[2] First, he claims that the trial court abused its discretion and committed reversible error by striking a portion of his opening statement. Second, he claims the trial court committed reversible error by admitting into evidence an "unduly prejudicial" video showing the inside of his home and allowing the State to present a "drumbeat repetition" of hearsay to bolster the victim's credibility. Concluding that the trial court committed none of the alleged errors, we affirm Perry's convictions.

We affirm.

# Issues

1. Whether the trial court abused its discretion when it struck a portion of Perry's opening statement.

2. Whether the trial court abused its discretion in admitting evidence.

---

[1] IND. CODE § 35-42-4-3 (2007). We note that, effective July 1, 2014, a new version of this child molesting statute was enacted and that Class C felony child molesting is now a Level 3 felony. Because Perry committed his crimes in 2013, we will apply the statute in effect at that time.

[2] IND. CODE § 35-45-2-1 (2013). Again, we note that, effective July 1, 2014, a new version of this intimidation statute was enacted, and Class D felony intimidation is now a Level 6 felony. We apply the statute in effect at the time of Perry's crimes.

## Facts

On July 23, 2013, nine-year-old C.B. went to homes in his neighborhood looking to make money by doing yard work. C.B. went to five houses in his neighborhood and did not find any work to do. C.B. walked to Perry's home, saw that he was outside, and asked Perry if he could do any work. Perry agreed to have C.B. pick up sticks in his yard for two dollars.

After C.B. picked up the sticks, Perry paid him two dollars and gave him a bottle of water. C.B. did not take the water because it was already opened. Perry then told C.B. that his basement needed to be cleaned. C.B. went to the basement, and Perry went to the kitchen to get a beer and talk to his wife. Perry then joined C.B. in the basement.

Once in the basement, Perry asked C.B. if he could see his "private" and if he liked girls or boys. (Tr. 205). Perry then rubbed C.B.'s groin area in a circular motion with his hand and touched his buttocks. C.B. told Perry that he was scared and asked if he could go home. Perry told C.B. that he could go home, but before C.B. left the house, Perry got on his knees and prayed. Perry also implied that he would kill C.B. if he told anyone what happened in the basement.

C.B. went back to his house. When C.B. came in, his mother, C.S., noticed that he was crying hysterically. C.S. asked C.B. what was wrong, and C.B. told her that he wanted to talk to her privately. C.S. asked C.B. to give her a few minutes before they talked, and C.B. went to a bedroom where he told his

cousin, H.Y., what happened in Perry's basement. Ten minutes later, C.B. told his mother what happened at Perry's house. C.S. did not call the police. Instead, she took C.B. to a previously scheduled doctor's appointment.

At the doctor's office, C.B. told Dr. Jessamine Hippensteel ("Dr. Hippensteel") that Perry touched his groin on the outside of his pants and threatened to kill him if he told anyone what Perry did. Dr. Hippensteel told C.S. that she was required to report C.B.'s allegations to the local Department of Child Services.

On August 15, 2013, the State charged Perry with child molesting as a Class C felony and intimidation as a Class D felony. On January 2, 2014, a two-day jury trial began. After the State made its opening statement, Perry gave his opening statement and concluded as follows:

> Thank you. And in the end, when you go back into the jury room and you have a chance to deliberate, you're going to, I want you to look at all the evidence, recall all the testimony, understand what the State's burden is, and the only choice you're going to have is to come back with a verdict of not guilty on both counts because quite frankly, it just simply didn't happen. Thank you.

(Tr. 198). The State objected and claimed that Perry's attorney gave an opinion. Perry's attorney responded that he made his statement based on the evidence. After a sidebar, the court sustained the State's objection and admonished the jury as follows:

> I'm going to sustain the objection. I'm going to strike the part where Mr. Weber interjected his opinion. So you guys heard what I said in the preliminary instructions, right? [When] I say strike, you ignore that part of that. The rest of his statement, you can take into

consideration or listen to but the other part, the part where he said it did not happen, that needs to be stricken. You understand? Jury? [sic]. Okay. Very good. Okay. Alright. Mr. Harvey.

(Tr. 199). After the presentation of evidence, the jury found Perry guilty as charged. Perry now appeals. We will provide additional facts as necessary.

# Decision

## 1. *Opening Statement*

Perry argues that the trial court abused its discretion in limiting his opening statement, alleging that it violated a number of his constitutional rights by doing so. INDIANA CODE 35-37-2-2(1) provides that an opening statement must be made by the prosecuting attorney during which he or she "shall state the case of the prosecution and briefly state the evidence by which he [or she] expects to support it, and the defense may then state his defense and briefly state the evidence he [or she] expects to offer in support of his defense."

> It is well settled that the purpose of an opening statement is to inform the jury of the charges and the contemplated evidence. Its scope and content are within the sound discretion of the trial judge and a cause will not be reversed unless a clear abuse of discretion is shown.

*Vanyo v. State*, 450 N.E.2d 524, 526 (Ind. 1983) (internal citations omitted). An irregularity in opening statements is not cause for reversal unless some prejudice results to the defendant. *Splunge v. State*, 526 N.E.2d 977, 981 (Ind. 1988).

Here, the stricken portion of Perry's opening statement, when considered in context, appears to be permissible preview of the case based on the anticipated evidence and not any special knowledge of Perry's attorney. However, we still find no clear abuse of discretion. The trial court struck the phrase "it did not happen," but told the jury to consider the rest of the opening statement, which focused on the credibility of the witnesses. In addition, the trial court instructed the jury as follows:

> The trial of this case will proceed as follows: first, the attorneys will have the opportunity to make opening statements. *These statements are not evidence and should only be considered as a preview of what the attorneys will expect the evidence will be*. . . . When the evidence is completed, the attorneys may make final arguments. *These final arguments are not evidence*.

(Tr. 191) (emphasis added). Given that the trial court only struck four words from Perry's opening statement, and that its instructions to the jury informed them that the opening statements and final arguments of counsel were not evidence, no reversible error occurred. *See, e.g. Splunge*, 526 N.E.2d at 981-82 (no reversible error during opening statement where the trial court instructed the jury that statements of counsel during opening and closing arguments were not evidence); *See also Boyde v. California*, 494 U.S. 370, 384 (1990) (arguments of counsel generally carry less weight with a jury than instructions from the trial court).

2. Admission of Evidence

[16] Perry argues that the trial court abused its discretion in admitting a video of the inside of his home because it was unfairly prejudicial. At trial, C.B. and the investigating detective described Perry's house as messy and smelling of dog urine and feces. The State played a video showing the inside of the home depicting clutter and stacks of paper to the point that officers had to follow a designated path through Perry's home. Perry claims that the video is unduly prejudicial because the "condition of the inside of [his] home was in such a state that it could reflect upon his mental state and could lead a juror to believe he is unstable enough to commit such an act against a child." (Perry's Br. 14).

[17] Indiana Evidence Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

[18] All evidence that is relevant to a criminal prosecution is inherently prejudicial, and thus an Evidence Rule 403 inquiry boils down to a balance of the probative value of the proffered evidence against the likely unfair prejudicial impact of that evidence. *Carter v. State*, 766 N.E.2d 377, 382 (Ind. 2002) (citing *Richmond v. State*, 685 N.E.2d 54, 55-56 (Ind. 1997)). "When determining the likely unfair prejudicial impact, courts will look for the dangers that the jury will (1) substantially overestimate the value of the evidence or (2) that the evidence will arouse or inflame the passions or sympathies of the jury." *Id*. (citing *Evans v. State*, 643 N.E.2d 877, 880 (Ind. 1994)).

[19] Here, the video has probative value in that it corroborates the descriptions of Perry's home given by C.B. and the investigating detective. As for the danger of unfair prejudice, Perry's counsel invited the error he now complains of by making the following comments in the presence of the jury when the video was offered into evidence: "If he lived in a 4,200 square foot house that was immaculate and marble floors and chandeliers everywhere, it gives the impression that man, this guy, he's really got everything together. I can't believe these allegations." (Tr. 312). A party may not invite error, and then later argue that the error supports reversal; error invited by the complaining party is not reversible error. *Kingery v. State*, 659 N.E.2d 490, 464 (Ind. 1995). The trial court did not err by admitting the video into evidence.

[20] Finally, Perry claims that C.B.'s testimony and the testimony of his mother, cousin, case worker, forensic interviewer, and the detective created an impermissible "drumbeat repetition" of C.B.'s allegations. Perry did not object to testimony from any of the witnesses at trial. "As a general rule, failure to object at trial results in waiver of an issue for purposes of appeal." *Washington v. State*, 840 N.E.2d 873, 886 (Ind. Ct. App. 2006), *trans. denied*. However, Perry claims the trial court committed fundamental error in allowing this testimony. Fundamental error is an error that makes "a fair trial impossible or constitute[s] clearly blatant violations of basic principles of due process . . . present[ing] an undeniable and substantial potential for harm." *Benson v. State*, 762 N.E.2d 748, 756 (Ind. 2002).

Waiver notwithstanding, we find that no drumbeat repetition occurred. Under the *Patterson* rule, "prior out-of-court statements, not under oath, were admissible as substantive evidence if the declarant was present and available for cross-examination at the time of the admission of such statements." *Modesitt v. State*, 578 N.E.2d 649, 651 (Ind. 1991) (citing *Patterson v. State*, 324 N.E.2d 482, 484 (Ind. 1975)). In *Modesitt*, our supreme court overturned this rule and adopted Federal Rule of Evidence 801(d)(1), holding that:

> [F]rom this point forward, a prior statement is admissible as substantive evidence only if the declarant testifies at trial and is subject to cross examination concerning the statement, and the statement is (a) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other preceding, or in a deposition, or (b) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (c) one of identification of a person made after perceiving the person.

*Id*. at 653-54. The court adopted this rule to prevent "abuses" in the use of a witness's prior consistent statements, such as by bolstering "the testimony of what might otherwise be regarded as a weak witness" and prohibiting "[n]umerous witnesses [from testifying] to the same statement given by a particular witness, thereby creating the prohibited drumbeat of repetition." *Id*. at 653. Typically, where multiple witnesses are allowed to present a victim's out-of-court statements before the victim testifies, a prejudicial drumbeat repetition of hearsay will have occurred. *See Kindred v. State*, 973 N.E.2d 1245, 1256-57 (Ind. Ct. App. 2012), *trans. denied*; *Stone v. State*, 536 N.E.2d 534, 539-40 (Ind. Ct. App. 1989), *trans. denied*.

Here, the only witness to repeat C.B.'s allegation was Dr. Hippensteel, whom Perry does not mention in making his argument. In addition, Dr. Hippensteel testified after C.B. The rest of the witnesses recounted their observations of C.B. without repeating any potentially inflammatory accusations. Accordingly, we find no error let alone fundamental error.

Finding no abuse of discretion in any of the alleged errors, we affirm Perry's convictions.

Affirmed.

Najam, J., and Bailey, J., concur.